UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

### Clerk's Minutes

### Before the Hon. James A. Parker

<u>Case No.</u>:   02cv452                              <u>Date</u>:   March 1, 2005

<u>Title</u>:   *DeYapp & Juarez v. Officer Tracy*

Courtroom Clerk: Gretchen Elsner         Court Reporter:   John de la Rosa

<u>Attorney For Plaintiff:</u>                         <u>Attorney for Defendant:</u>

Kevin Martinez                              Luis Robles
Joe Romero

Court in Session:   2:00 pm               Court in Recess:   4:25 pm

Type of Proceeding:   Final Pre-trial Conference

<u>Court's Rulings/Disposition</u>:

Plaintiffs have decided to drop their false arrest and false imprisonment claims. As a result, there will be no comparative fault jury instruction. The only claims that remain are Fourth Amendment excessive force and state law battery.

Plaintiffs' Motion in Limine No. 1: Judge asked Mr. Robles what the testimony will be on gang affiliation. If Officer Tracy didn't know about the gang affiliation, why does the jury need to know? Mr. Robles responded that under <u>Graham</u>, the jury gets to consider the totality of the circumstances. Mr. Robles admits that Officer Tracy didn't know about gang affiliation, but says that the incident serves to help make sense of evening for the jury, to understand why Ronald Foote was in front of the car. Judge said he would GRANT Plaintiffs' motion (Doc. 111) to the extent that there will be no reference to the altercation as a gang fight. Mr. Martinez said it is fair to call it a juvenile fight. Mr. Martinez said the earlier road rage incident was not relevant. And there is a factual dispute about where Ronald Foote stood. Mr. Robles said the road rage incident explains why Ronald Foote ended up in front of the car. Mr. Romero noted that Officer Tracy didn't know the police were looking for Mr. Juarez. Judge reiterated that the fight can be called a juvenile fight but not a gang fight. Foote can testify why he was there and where he stood. Judge instructed the parties to only summarize this information: there can be testimony about the bad blood that evening, but not detail about every turn their cars took during the road rage and who flipped off who. The witnesses should be restricted. The parties can stipulate to a statement simply stating that there were ongoing hostilities for 1-2 hours before the encounter at the

Mustang gas station.  Mr. Martinez said that Foote is bipolar.  Foote says he was rammed.  Even if he was, Officer Tracy didn't see it.  Judge asked Mr. Robles what he wants to present.  Mr. Robles said he would remove information about what happened before Officer Tracy arrived.  Mr. Martinez said that the ramming that happened in Officer Tracy's presence could be admitted.

Plaintiffs' Motion in Limine No. 2:  Judge asked Mr. Robles if he wants evidence of weapons.  Mr. Robles said that Juarez hit people on the head with a bat; it's impeachment by contradiction.  Mr. Martinez said it would be for impeachment only, which leads to two questions: Will it prove anything?  Will it be too prejudicial?  Judge RESERVED RULING on the baseball bat as impeachment.  The attorneys are instructed to approach the bench before bringing up this information; therefore it cannot be mentioned in opening statements.  Mr. Martinez also objects to information about Juarez being involved in the fight.  Mr. Robles said the fight is relevant to the severity of the scene, part of the Graham test.  It's relevant for more than impeachment.  Judge said that the jury can know that Juarez was involved in a fight and that he got back into his truck before Officer Tracy arrived at the scene.

Plaintiffs' Motion in Limine No. 3:  Judge asked what Rule 404(b) evidence is coming in.  Mr. Martinez said there will be no testimony regarding fear of the police.  Therefore, it is not necessary to present prior bad acts by the Plaintiffs.  Motion (Doc. 113) GRANTED.

Plaintiffs' Motion in Limine No. 4:  Mr. Martinez asserts that Defendant is trying to bring in expert testimony.  He says it takes an expert to look at the picture and tell if the marks are acceleration marks.  Judge asked Mr. Robles what he will offer.  Mr. Robles noted that just because the witnesses are experts doesn't make their testimony expert testimony.  They will testify to what they saw.  They will be providing lay opinion: there was forward movement, the tires match up, etc.  Mr. Martinez says that he doesn't object to observation but does object to opinion.  His own expert says these are not acceleration marks.  Mr. Martinez requested calling a rebuttal witness.  Judge took this UNDER ADVISEMENT.  Judge said the witnesses can testify to facts and physical observations only.  If the officer sticks to the facts, no rebuttal witness will be necessary.  There can be no opinion or conclusion linking the marks to Juarez's vehicle.  The witness can refer to the mark as a mark, not as a rubber mark, not as an acceleration mark.

Plaintiffs' Motion in Limine No. 5:  The motion (Doc. 115) is GRANTED.

Defendant's Motion in Limine No. 1: The motion (Doc. 108) is GRANTED.

Defendant's Motion in Limine No. 2:  Mr. Martinez said his expert will explain what a reasonable officer would do and that it was not reasonable to shoot in this case.  Mr. Robles reminded the Court that he is willing to forego experts all together.  Reasonable people can make this decision.  Mr. Robles offered to get rid of his expert too.  Judge asked how either expert will assist the jury under Rule 702.  Mr. Martinez said the jury doesn't know anything about police procedures.  The expert can educate them.  Mr. Robles noted that he cited a slew of opinions saying that what Plaintiffs' expert will testify to can't come in.  Judge ruled to EXCLUDE EXPERTS ON BOTH

SIDES under Rule 702. The jury will hear conflicting evidence. Additionally, Judge ruled to exclude the experts under Rule 403. The reasonableness will come through in cross-examination. Motion (Doc. 109) GRANTED.

The Court took a 5 minute break and went back on the record at 3:05 p.m.

Defendant's Motion in Limine No. 3. Mr. Robles noted that half of Plaintiffs' Motion in Limine No. 1 had not yet been addressed. Judge asked when this information will come up. Mr. Martinez said on cross-examination. Mr. Robles said he is okay with questions regarding the facts, but not questions referencing the training manual and lack of adherence to it. <u>Graham</u> controls, not the SOPs. Mr. Robles objects to questions regarding training leading him to certain acts. Judge ruled that Mr. Martinez can ask about elements, such as asking Officer Tracy if he knew his target, etc, but Mr. Martinez cannot ask about training. The training issue won't come up unless Officer Tracy answers that way. Mr. Robles noted that this opens the door to Defendant showing that DeYapp was an unintentional victim. This issue was addressed in the Court's Memorandum Opinion and Order. Mr. Martinez would like to ask Officer Tracy if he knew why Foote approached the truck, how did Officer Tracy choose to shoot one guy over the other? Mr. Robles said this is Monday morning quarterbacking. Mr. Romero said Officer Tracy can say he didn't have time. Judge took this UNDER ADVISEMENT; he needs to hear the testimony first. Plaintiffs will call three witnesses who Defendant feels should be examined regarding their bias against Officer Tracy. Seaprie Lobato: Judge ruled that witness can be asked if witness has bias against Officer Tracy and can be asked about previous encounters with Officer Tracy. Arrests are not to be mentioned. Jarod Perea: Some impeachment may be permitted, the arrest should not be mentioned. He did not have any encounter with Officer Tracy. Leslie Strickland: the arrest cannot be mentioned under Rule 403(b), maybe there will be some questions on hostility toward Officer Tracy.

Mr. Robles made a record regarding negligence, <u>Herrera v. Quality Pontiac</u>, and the comparative fault jury instruction. Mr. Robles disagrees with Judge's conclusion regarding comparative fault. <u>Garcia v. Gordon</u> does not say that a comparative fault instruction is inappropriate as part of the affirmative defense against a battery claim. Mr. Robles said he will continue to make his objection. Foote was unreasonable in stepping in front of the truck, so he should be apportioned fault. Judge heard his argument but is sticking by his ruling to not allow a comparative fault instruction as a defense to the battery claim. Additionally, the jury instruction should ask the jury to make a finding regarding intent.

The parties discussed the prior criminal proceedings. Mr. Martinez proposed that a simple statement be read to the jury. Mr. Robles said none of this was relevant. Mr. Romero said that the jury will be confused and will send a note asking about criminal issues, especially if Officer Tracy testifies that his actions were justified because he thought Juarez was committing a crime. Judge said that if Officer Tracy says that, then Plaintiffs can bring in a statement that they weren't charged. Judge balanced the interests: both parties get to make their point in line with the law.

The Court took a 15 minute break and went back on the record at 4:00.

Witness lists were discussed.  Plaintiffs will not call Lou Reiter, Stephen Lund, David Dunworth, Daniel Clifford, Robert Orbelo, Richard Diedrich, Art Meyer, Griselle Avila, Christina Ohler, Mark Bird, Peggy Sue Alcon.  The parties have stipulated to the authenticity of the records, so no records custodian is needed.

Judge scheduled a completion of the final pre-trial conference for Friday, 10 am.  The COMBINED jury instructions are due at that time.  The parties were specifically instructed on the roadmap instruction.  On Friday, Judge will rule on the trial exhibits and objections.  The parties were advised that the last excessive force case Judge Parker tried was Mora v. Abq, so the parties can refer to that in preparing the combined set of jury instructions.  A statement of the case is due Friday.

The attorneys were advised on how to conduct voir dire when Judge is selecting multiple juries at one time.

There will be four peremptory challenges for each side, so Defendant's motion (Doc. No. 136) is GRANTED.

As for blood splatter and wound path testimony, there will not be any expert testimony, only fact based testimony.