## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**CRYSTAL DEYAPP,**

      **Plaintiff,**

      **v.**                                **NO. CIV 02-0452 JP/RLP**

**FARMINGTON POLICE OFFICER TAFT TRACY,**
**and CITY OF FARMINGTON,**

      **Defendants.**

*Consolidated with*,

**JUNIOR JUAREZ,**

      **Plaintiff,**

**v.**                                **NO. CIV 02-0453 JP/RLP**

**FARMINGTON POLICE OFFICER TAFT TRACY,**
**and CITY OF FARMINGTON,**

      **Defendants.**

## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES

      Kevin Martinez, attorney of record for Junior Juarez, moves this Court to award reasonable and necessary attorney's fees, expenses and New Mexico Gross Receipts tax incurred to date in the above captioned case for the reasons that follow:

1.     This case was heard by a jury on March 7, 2005 through March 10, 2005. The jury rendered a verdict in favor of Plaintiff Junior Juarez and awarded Junior Juarez $433,000.00. This Court entered a Judgment against Defendants (Doc.152 in case 0452; Doc. No. 16 in case 0453) and in favor of Plaintiff Junior Juarez reflecting the jury's verdict. There were no offers to settle the case and the case was aggressively litigated by experienced Defense

      counsel with a specialty in defending excessive force cases. Extensive discovery and motion practice preceded the trial which was hard fought in an amicable and professional manner necessitating attorneys fees and expenses.

2. At trial, Plaintiff essentially presented three types of claims. One state law claim for battery, one federal claim for violation of constitutional rights protected by Section 1983, and one claim for punitive damages for the gravity of the conduct involved. The jury rendered a verdict in favor of plaintiff on all three claims. Accordingly, Junior Juarez is a prevailing party in this action and therefore entitled, pursuant to 42 U.S.C. § 1988, to his reasonable and necessary attorneys' fees, expenses[1] and applicable gross receipts tax, to date.

3. This motion is timely filed based on the Court's Order extending the time in which to file plaintiff's fee application until June 27, 2005.(Doc. 155 in 0452).

4. The time and expenses which form the basis for plaintiff's request were reasonably and necessarily incurred by plaintiff's counsel and thus are compensable pursuant to 42 U.S.C. § 1988.[2]

5. Defendant does not concur in this motion and accordingly, pursuant to the local rules of this Court, plaintiff's memorandum brief in support of this motion is filed herewith.

---

[1] Plaintiff may file separately his Bill of Costs. Plaintiff raises by way of the instant motion and in his Bill of Costs alternative bases for the recovery of certain expenses sought herein which are also allowable as statutory costs under 28 U.S.C. § 1920. *Plaintiff expressly states that he does not seek a double recovery of any such overlapping costs and expenses.* For a brief discussion regarding the costs allowable under § 1920 and expenses recoverable by a prevailing party under § 1988, see Jane L. v. Bangerter, 61 F.3d 1505, 1517 (10th Cir. 1995). See also Brown v. Gray, 227 F.3d 1278, 1297-98 (10th Cir. 2000).

[2] Based on defendant's post-trial motion seeking judgment as a matter of law or in the alternative a new trial (Doc. 153 in 0452 ), plaintiff's merits counsel's work in this case is continuing; plaintiff's motion for attorneys' fees and expenses is therefore incomplete and will be supplemented along with plaintiff's reply to defendant's response to this motion for attorneys' fees and expenses.

6.	Also, Plaintiffs counsel will file manually the following exhibits which could not be electronically filed in support of this motion, or attached as exhibits to plaintiff's Memorandum Brief in Support, are the following:

    a.	Affidavit of Kevin Martinez

    b.	News paper article number one

    c.	Newspaper article number two

    d.	Newspaper article number three

    e.	Affidavit of Philip Davis

    f.	Cost Statement

WHEREFORE, plaintiff respectfully requests this Court grant the relief sought herein.

Respectfully submitted,


Kevin Martinez
WALTER K. MARTINEZ LAW OFFICE
219 Ninth Street, NW
Albuquerque, New Mexico 87102
(505) 244-3225
(505) 242-9326 facsimile

I hereby certify that a copy of
the foregoing pleading was hand
delivered to opposing counsel of
record this 28th day of June, 2005.

_____
Kevin Martinez