Time Sheet
Re:    Sacramento Juarez

| Date | Time Activity Begun | Activity | Duration |
|---|---|---|---|
| Mar. 5, 2004 | 10:50 am – 1:50 p.m. | Review of scanned photographs/ and portions of the discovery received from Joe Romero's office | 3.0 |
| Mar. 17, 2004 | 4:00- 5:00 | Review of police report in Juarez case received from Joe Romero. Meet with Joe Romero at his office. | 1.0 |
| April 13, 2004 | 11:00 a.m. - 8:00 p.m. | Travel from Albuquerque to Farmington, New Mexico to view the scene of the shooting, meet with clients, viewing of vehicle which was shot, return to Albuquerque, New Mexico. (Drive time 6 hours) | 9.0 |
| April 19, 2004 | 11:45 am | Travel from Albuquerque, New Mexico to Farmington, New Mexico to take deposition of Virginia Jim; | 3.0 |
| April 19, 2004 | 3:00 pm to 4:40 p.m. | Deposition of Virginia Jim (Kevin) | 1.6 |
| April 19, 2004 | | Return travel from Farmington to Albuquerque return to Albuquerque, New Mexico at 9:00 pm. | 3.0 |
| April 20, 2004 | 9:05 a.m. – 11:35 a.m. | Deposition of Taft Tracy (Joe) | 0.0 |
| April 21, 2004 | 5:00 am | Travel to Farmington, New Mexico for deposition of Mark McCloskey; | 1.0 |
| April 21, 2004 | 9:11 am – 11:45 a.m. | Deposition of Mark McCloskey (Kevin) | 2.3 |
| April 21, 2004 | 12:40 p.m. To 4:00 p.m. | Return trip to Albuquerque, New Mexico, arrival time 4:00 pm | 3.2 |
| April 26, 2004 | 7:59 p.m. - 9:00 p.m. | Review and separate witness interviews from investigation | 1 |
| May 16, 2004 | 9:45 p.m. to 12:45 a.m. | Drove from Albuquerque to Farmington to prepare for and take depositions. | 3.4 |
| May 17, 2004 | 7:30 a.m. to 9:00 a.m. | Preparation for depositions noticed on this date. | 1.5 |
| May 17, 2004 | 9:00 to 9:15 a.m. | Record is made as Alicia Ulibarri did not appear for her deposition. | .2 |
| May 17, 2004 | 10:30 a.m. to 1:00 p.m. | Preparation for afternoon depositions. | 1.5 |
| May 17, 2004 | 1:00 pm | Deposition of Kaylea Lobato | 1.5 |
| May 17, 2004 | 3:10 pm | Deposition of Seaprie Lobato | 1.0 |
| May 17, 2004 | 9:00 p.m. to 12:00 a.m. | Prepared for depositions to commence on the following date | 3.0 |

EXHIBIT

1

| Date | Time Activity Begun | Activity | Duration |
|------|---------------------|----------|----------|
| May 18, 2004 | 8:00 a.m. to 9: 00 a.m. | Preparation for depositions. | 1.0 |
| May 18, 2004 | 9:00 a.m. to 9: 40 a.m. | Deposition of Leslie Strickland | .6 |
| May 18, 2004 | 10:30 am | Deposition of Griselle Avila Pardo | 1.1 |
| May 18, 2004 | 1:00 pm – 2:10 p.m. | Deposition of Nora Joe (I did not attend deposition of Alicia Ulibarri who arrived later) | 1.1 |
| May 18, 2004 | 3:00 p.m. to 7:30 p.m. | Drove from Farmington to Albuquerque  returning from depositions. | 3.0 |
| May 23, 2004 | 8:00 a.m. to 10:00 a.m. | Review documents and organize file. Drafted a "to do list" for the case | 2.0 |
| May 24, 2004 | 10:55 p.m. | Fax letter to Luis Robles requesting time to review the documents in his office that are responsive to request for production of documents. | .1 |
| June 19, 2004 | | Review letter from Luis Robles regarding proposed dates for deposition of Ron McCarthy along with his attached fee schedule. | .1 |
| June 23, 2004 | 9:00 a.m. to 11:45 a.m. | Meeting with Joe Romero to discuss strategy and to begin assignments in preparation for trial and gathering of exhibits. | 2.7 |
| June 23, 2004 | 12:00 pm | Review of memorandum from Joe Romero to Robert Sandoval regarding exhibits to obtain | .1 |
| June 28, 2004 | | Review of Judge Parker issues Memorandum Op denying Motion to Dismiss.  No billed per billing judgment - .5 | 0 |
| July 2, 2004 | 11:00-12:00 | Meeting with Joe Romero to discuss upcoming deposition of Ronald Foote and subsequent depositions. | 1.0 |
| July 9, 2004 | 9:37 a.m. - 2:25 p.m. | Deposition of Ronald Foote in Jacksonville Florida (Joe Romero) | 0.0 |
| July 11, 2004 | 5:00 pm – 8:00 p.m. | Drive to Farmington, New Mexico, prepare for depositions. | 3.0 |
| July 12, 2004 | 8:00 am | Preparation for depositions to take place during the course of this day, | .9 |
| July 12, 2004 | 9:00 am to 12:05 p.m. | Deposition of Randall Popplewell (Kevin) | 3.0 |
| July 12, 2004 | 2:30 pm – 3:10 p.m. | Deposition of Amanda Tentler (Kevin) | .6 |
| July 13, 2004 | 7:30 am – 8:30 a.m. | Continued preparation for the depositions to take place on this day. | 1.0 |
| July 13, 2004 | 9:00 am to 10:20 a.m. | Deposition of Jared Perea (Kevin) | 1.3 |
| July 13, 2004 | 10:25 am to | Deposition of Jason Perea (Kevin) | .7 |

| Date | Time Activity Begun | Activity | Duration |
|---|---|---|---|
| | 11:07 a.m. | | |
| July 14, 2004 | 9:00 am to 9:50 a.m. | Deposition of Sigfredo Alcon (Kevin) | .8 |
| July 14, 2004 | 10:00 am to 10: 30 a.m. | Deposition of Mark Alcon (Kevin) | .5 |
| July 14, 2004 | 3:00 pm to 4:30 p.m. | Deposition of Doug Kennedy (Kevin) | 1.5 |
| July 14, 2004 | 1:00 pm to 1:45 p.m. | Deposition of Joshua Nebors (Kevin) | .7 |
| July 14, 2004 | 5:00 -8:00 | Return drive to Albuquerque, New Mexico from Farmington. | 3.0 |
| July 16, 2004 | | Witness fee sent to Joshua Nabors, Amanda Tentler, | .1 |
| July 18, 2004 | 12:00 p.m. to 3:00 p.m. | Drive from Albuquerque to Farmington to prepare Junior Juarez for deposition. | 3 |
| July 18, 2004 | 3:00 pm | Preparation of Junior Juarez for deposition | 1.5 |
| July 19, 2004 | 10:00 a.m. to 1:00 p.m. | Drive from Farmington New Mexico to Albuquerque, New Mexico | 3.0 |
| July 19, 2004 | 9:10 a.m. to 2:30 p.m. | Deposition of Junior Juarez (Joe) | 0.0 |
| July 19, 2004 | 4:48 p.m. | Review and file photographs of Juarez truck | .2 |
| July 20, 2004 | 9:00 a.m. – 2:15 a.m. | Deposition of Crystal Deyapp (Joe) | 0.0 |
| July 21, 2004 | | Begin organization of file – request employment; medical records from Romero Office. | .2 |
| July 27, 2004 | 5:00 p.m. | Begin organization of the file received from Robles Office and organization of notebooks for expert witnesses.  Select photographs and color copies for notebooks. | 2 |
| July 29, 2004 | 10:31 a.m. to 1:47 p.m. | Review and organize all documents, draft indexes, separate and organize volumes of exhibits for use in office. | 3.3 |
| July 29, 2004 | 10:15 a.m. to 10:45 a.m. | Deposition of Richard Weber (Joe) | 0.0 |
| July 29, 2004 | 8:26 p.m. | Review and organize chronologically the medical records of Ronald Foote. | .5 |
| Aug. 2, 2004 | 11:40 a.m. | Draft and fax letter to Mr. Robles regarding extension of time to disclose expert given death of Gillespie and request that pleading reflect time for us to depose Defendant's expert. | .1 |
| Aug. 3, 2004 | | Searching for police procedures expert – communication with other attorney regarding | 0 |

| Date | Time Activity Begun | Activity | Duration |
|---|---|---|---|
| | | potential experts – No billed – Billing Judgement .2 | |
| Aug. 18, 2004 | 5:10 p.m. | Draft and organize table contents for notebooks containing discovery documents | 2 |
| Aug. 31, 2004 | 5:44 a.m. | Draft of deadlines to respond to Motions for calendaring | .2 |
| Sept. 1, 2004 | 4:00 p.m. – 4:40 p.m. | Rev'd and preliminary reading of Motion by Defendants – Tracy's Motion for partial Summary Judgment No. 1; Dismissal of 4th Amendment Illegal Search and Seizure Claim; False Arrest; False Imprisonment; and Negligence claims. | .6 |
| Sept. 30, 2004 | 12:11 - 12:13 | Research potential excessive force expert names - .1 No billed – billing judgment | 0 |
| Oct. 1, 2004 | 10:30 a.m. | Review Lou Reiter's resume and fee requirements. | .1 |
| Oct. 7, 2004 | | Memo to Romero Office regarding obtaining shortened versions of the depositions for purposes of mailing to expert Lou Rieter. | .1 |
| Oct. 7, 2004 | 5:47 p.m. | Preparation of packet of depositions, tapes and records for Lou Reiter review and mailing | 1 |
| Oct. 8, 2004 | | Begin to draft response to statement of undisputed facts in response to first motion for summary judgment. (6 hours). Not billed per "billing judgment" | 0 |
| Oct. 11, 2004 | 9:57 a.m.; 10: 27 a.m. 11:11 a.m. 11:14 a.m. 11:22 a.m. 11:29 a.m. 11:42 a.m. 12:11 p.m. 12:12 p.m. 12:29 p.m. 12:56 p.m. 1:13 p.m. | Westlaw Research – reviewed case law – Archuleta v. Cuesta; Austin v Hamilton; researched "Garner unreasonable searches; Keller v. Frink; Jamieson v Shaw; (researched probable cause); J.C.Penney v. O'Daniell; Diamond v. Howd; Holland v. Harrington; Grandstaff v. City of Borger; ("Police Shooting Unreasonable Seizure") Landol Rivera v. Cruz Cosme; Diaz v. Salazar; Lee v. Williams; Garner v. Memphis; | 3.0 |
| Oct. 11, 2004 | 6:54 p.m. 7:02 p.m. 7:04 p.m. 7:37 p.m. 8:23 p.m. 9:04 p.m. 9:07 p.m. 9:17 p.m.; | Westlaw Research – reviewed case law – ("shooting unreasonable seizure"); Childress v Arapahoe; Landol Rivera v. Cruz Cosme; York v. Julian;  Zuchel v. City of Denver; Hope v. Pelzer; Saucier v Katz;  Carr v. Castle; Tennesse v. Garner; Medina v. Cramm; Padilla v. Chavez (NM) | 2.7 |

| Date | Time Activity Begun | Activity | Duration |
|---|---|---|---|
| | 9:19 p.m. 9:49 p.m. | | |
| Oct. 12, 2004 | Morning | Continue to Draft Response to Motion for Summary Judgment including both factual and legal issues. (5 hours) No Billed per "Billing Judgment" | 0 |
| Oct. 12, 2004 | 2:47 p.m. 2:53 p.m. | Westlaw Research – reviewed and shepardized case law: Quezada v Bernalillo; Wilson v. Meeks; | .1 |
| Oct. 12, 2004 | Evening | Continue to Draft Response to Motion for Summary Judgment including factual and legal issues. (2 hours) No billed per "Billing Judgment" | 0 |
| Oct. 13, 2004 | Afternoon | Continue to Draft Response to Motion for Summary Judgment including factual and legal issues. (4 hours) No billed per "Billing Judgment" | 0 |
| Oct. 14, 2004 | 3:23 p.m.; 4:44 p.m. 4:51 p.m.; 5:16 p.m. | Westlaw Research – reviewed case law:  Brower v. Inyo; "Searched Police Shooting Motor Vehicle Excessive Force" Sevier v. City of Lawrence Kansas; Olsen v. Layton Hills Mall; Robbins v. Chronister; | 1.2 |
| Oct. 14, 2004 | Evening | Continue work on responses for Summary Judgment. (2 hours) no billed per "billing judgment" | 0 |
| Oct. 17, 2004 | 3:24 p.m.; 3:56 p.m. | Westlaw Research – reviewed case law  - Black v Stephens; shephardized case; Flores v. Palacios; | .5 |
| Oct. 17, 2004 | 8:13 p.m. 8:49 p.m.; 8:54 p.m.; 9:11 p.m.; 9:23 p.m.; 9:26 p.m. | Westlaw Research – reviewed case law; Martin v Board; Perea v. Stout; Diaz v. Lockheed; Romero v. Sanchez; Restatement 2d Torts Section 37; Martinez v Sears (N.M. case on False Imprisonment); Cave v. Cooley; | 1.2 |
| Oct. 18, 2004 | 7:39 p.m. | Westlaw research – reviewed case law to respond to Defendant's Motion for Summary Judgment No. 1 – Vaughn v. Cox, | .2 |
| Oct. 18, 2004 | Evening | Continue working on Response to Motion for summary judgement incorporating case law, facts and responding to legal arguments. (2 hours). No billed per "billing judgment" | 0 |
| Oct. 18, 2004 | Daytime | Continue working on Response to Motion for Summary Judgment. (6 hours). No billed per "billing judgment." | 0 |
| Oct. 19, 2004 | Daytime | Continue working on legal arguments in response to Motion for Summary Judgement by Tracy. (6 hours) No billed per "billing Judgment" | 0 |

| Date | Time Activity Begun | Activity | Duration |
|---|---|---|---|
| Oct. 20, 2004 | Afternoon and evening | Continue working on legal arguments and assembling of exhibits. (10 hours). No billed per Billing judgment. | 0 |
| Oct. 21, 2004 | 3:48 p.m. | Draft Motion and Order to file a non complying pleading in response to Motion for Summary Judgment | .1 |
| Oct. 21, 2004 | 2:13 p.m. | Finalize Response to Motion for Summary Judgment. (5 hours) No billed per billing judgment | 0 |
| Oct. 21, 2004 | 4:04 p.m. | Draft stipulation as to page limits in response to Motion for summary judgment | .1 |
| Nov. 3, 2004 | 9:00 a.m. | Review proposed Pretrial Order from Romero Office, proposed changes | .4 |
| Nov. 28, 2004 | 4:30 p.m. | Communication from Romero Office requesting coverage at the Pretrial Conference scheduled for Dec. 8, 2004. Calendaring in office. | .1 |
| Nov. 29, 2004 | 10:30 a.m. | Review Robles proposed dismissal of supervisory claims. | .2 |
| Nov. 29, 2004 | | Draft and forward Proposed a Stipulated Dismissal on supervisory claims to Luis Robles | .2 |
| Nov. 29, 2004 | 3:45 p.m. | Rec'd approval to proposed stipulation from Luis Robles pertaining to supervisory claims. | .1 |
| Nov. 30, 2004 | 1:30-1:31 p.m. | Review letter from Luis Robles regarding plaintiff's portion of the Pretrial Order being due. | .1 |
| Dec. 1, 2004 | 5:30 p.m. | Drafted Plaintiffs Portion of the proposed Pre Trial Order for submission to Robles. | 1.0 |
| Dec. 2, 2004 | 7:03 a.m. | Forwarded Plaintiffs draft of the proposed Pretrial Order to Luis Robles and to Joe Romero. | .1 |
| Dec. 2, 2004 | 7:05 a.m. | Request from Romero Office the names of treating physicians in Farmington for both Deyapp and Juarez in order to add them to the PTO. | .1 |
| Dec. 3, 2004 | 1:30 p.m. | Requested and obtained and reviewed the Settlement Proposals that had been previously tendered to Robles. | .2 |
| Dec. 6, 2004 | 3:40 p.m. | Communication to expert Reiter requesting dates that he might have the expert report completed in order to advise the Court at Pre Trial Conference. | .1 |
| Dec. 6, 2004 | 3:47 p.m. | Communication to Romero Office concerning draft of Pre Trial Report to ensure that all treating physicians are remained and to discuss the proposed trial date of January made by Robles in the Pre Trial Order. | .1 |
| Dec. 6, 2004 | 7:14 p.m. | Communication from Romero Office concerning availability for trial in January. | .1 |

| Date | Time Activity Begun | Activity | Duration |
|---|---|---|---|
| Dec. 7, 2004 | 9:35 a.m. | Draft and forward to Luis Robles the proposed changes to the Pretrial Order for filing. | .3 |
| Dec. 7, 2004 | 9:48 a.m. | Communication to Robles requesting a copy of the filed PTO to be sent to our office and to advise Robles that I will be entering my appearance in the case. | .1 |
| Dec. 7, 2004 | 12:46 p.m. | Fax to Robles entry of appearance (.1) No billed per "billing Judgment" | 0 |
| Dec. 7, 2004 | 1:42 p.m. | Reviewed communication from expert proposing expert report to be completed in January with deposition to take place in February. | .1 |
| Dec. 7, 2004 | 4:47 p.m.; 4:50 p.m. | Westlaw Research – California First Bank v. State; Silva v. State (respondeat superior); | .1 |
| Dec. 7, 2004 | | Entry of voluntary dismissal of claims based upon municipal liability. (.1) No billed per Billing Judgment. | 0 |
| Dec. 7., 2004 | | Entry of Appearance by Kevin Martinez filed (.1) No billed per Billing Judgment. | 0 |
| Dec. 8, 2004 | 8:22 a.m.; 8:24 a.m. | Review case law on Westlaw – Vaughn v. Cox; Carr v. Castle | .1 |
| Dec. 8, 2004 | 9:08 a.m. – 10:11 a.m. | Pretrial conference before Judge Parker – ruling on motions | 1.0 |
| Dec. 8, 2004 | 10:25 a.m. | Communication to Romero Office advising of Robles request for both sides to forgo naming an expert. | .1 |
| Dec. 8, 2004 | 4:02 p.m. | Communication to and from expert that he will be able to meet deadline for expert report that Judge Parker indicated (Jan. 15, 2005) | .1 |
| Jan. 3, 2005 | | Reviewed Dec. 31, 2004 letter from Luis Robles to our office via facsimile regarding deposition of Lou Reiter and requesting manner of handling Ron McCarthy and Terry Eagle. | .1 |
| Jan. 3, 2005 | 9:54 a.m. | Communication from expert confirming that expert report due on Jan. 15, 2005 and advising expert of deadline, requesting dates for deposition and informing expert that depo will be telephonic. | .2 |
| Jan. 3, 2005 | 10:02 a.m. | Communication from expert that he will have report completed by Jan. 12 and offering proposed dates for deposition. | .1 |
| Jan. 3, 2005 | 11:19 a.m. | Communication to Robles providing 1/31 as date for depo, requesting interview with Eagle and also for any other "expert" witnesses Defendant intends to call. | .1 |

| Date | Time Activity Begun | Activity | Duration |
|---|---|---|---|
| Jan. 3, 2005 | | Prepared and faxed letter to Robles requesting dates for depo of McCarthy, Eagle and any other Detectives. | .1 |
| Jan. 4, 2005 | 9:30 and 9:50 a.m. | Rec'd communication from Robles that father in law of Eagle is ill with congestive heart failure, responded that we would wait till these personal items are resolved. | .1 |
| Jan. 5, 2005 | 10:53 a.m. | Review communication from expert that expert report was being federal expressed to office. | .1 |
| Jan. 6, 2005 | 4:05 p.m. | Letter to Robles regarding deposition dates | .1 |
| Jan. 10, 2005 | 9:41 a.m. | Communication to Robles requesting dates to depose McCarthy after 1/31 | .1 |
| Jan. 10, 2005 | 9:51 a.m. | Response from Robles requesting location for deposition of McCarthy | .1 |
| Jan. 10, 2005 | 11:22 a.m. | Response communication to Robles indicating preference to take deposition in LA | .1 |
| Jan. 10, 2005 | | Review Memorandum Opinion issued by Judge Parker – no bill per billing judgment – 1.0 | 0 |
| Jan. 10, 2005 | 5:00 p.m. | Communication sent to Robles asking what offer was made to resolve the case by Romero firm prior to my entering into the case. | .1 |
| Jan. 12, 2005 | 4:02 p.m. | Letter Robles and Romero regarding Reiter Report | .1 |
| Jan. 14, 2005 | 2:35 p.m. | Response from Robles regarding Romero Offer to Settle. | .1 |
| Jan. 14, 2005 | 10:33 p.m. | Communication to Romero Office that City of Farmington will not consider settling with Juarez, need to begin trial prep. | .1 |
| Jan. 17, 2005 | 12:35 p.m. | Fax letter with deposition information to Lou Rieter | .1 |
| Jan. 18, 2005 | 3:30 – 3:34 | Rec'd and reviewed letter from Robles providing dates for Deposition of Ron McCarthy. Consulted calendar to select dates. | .1 |
| Jan. 23, 2005 | 3:48 p.m. | Communication with Robles regarding fact that Reiter has a dental issue that would require starting his depo at a later time, response from Robles. | .1 |
| Jan. 23, 2005 | 6:19 p.m. | Expert explains that he broke tooth and needs to have temp crown installed and indicating 2 hour time difference requesting depo to commence at 11:00 a.m. or later. | .1 |
| Jan. 24, 2005 | 5:35 p.m. | Communication from expert to determine the time for his depo. | .1 |
| Jan. 27, 2005 | 4:00 p.m. – 4:01 p.m. | Rec'd and reviewed letter from Robles sending pretrial order to Judge Parker | .1 |

| Date | Time Activity Begun | Activity | Duration |
|---|---|---|---|
| Jan. 30, 2005 | 2:30 p.m. – 2:32 p.m. | Rec'd , reviewed and calendared letter from Robles setting deposition of Lou Reiter for Feb. 3, 2005 to commence at 9:00 a.m. | .1 |
| Jan. 31, 2005 | 12:11 p.m. | Communication to Robles requesting Feb. 14 as date for McCarthy depo. | .1 |
| Jan. 31, 2005 | 1:41 p.m. | Communication from Robles advising that Feb. 14 is valentines day and his anniversary. | .1 |
| Jan. 31, 2005 | 2:22 p.m. | Robles advises that the Daubert motions are due on Feb. 15 and response by Feb.22 | .1 |
| Jan. 31, 2005 | 2:33 p.m. | Communication to Robles advising that other dates for depo of McCarthy will be tendered. | .1 |
| Jan. 31, 2005 | 2:36 p.m. | Communication to Robles asking about deadlines in the case in light of the fact that no Pre Trial Order has been entered in Court. | .1 |
| Feb. 1, 2005 | 4:26 p.m. | Communication to Romero Law Office to begin assembling the medical records and bills to provide to our office for exhibit purposes. | .1 |
| Feb. 3, 2005 | 7:49 a.m. | Communication to Robles seeking additional dates for the deposition of McCarthy | .1 |
| Feb. 3, 2005 | 7:50 a.m. | Communication to Robles requesting dates for interview of Eagle | .1 |
| Feb. 3, 2005 | | Depo of Rieter – no billed per billing judgment | 0 |
| Feb. 3, 2005 | 11:47 a.m. | Draft letter and hand deliver medical records to Dr. Liss. | .5 |
| Feb. 3, 2005 | 6:29 p.m. | Draft letter to Reiter enclosing Robles check | .1 |
| Feb. 7, 2005 | 4:00 p.m. | Meeting at Joe Romero's Office to prepare exhibit list which is coming due.  Review documents that Romero has in his office for copying, discuss McCarthy depo prep and Eagle interview prep. | 1.0 |
| Feb. 8, 2005 | 9:16 a.m. | Communication to Expert Reiter advising him of the March 7, 2005 trial date | .1 |
| Feb. 8, 2005 | 11:59 a.m. – 12:01 p.m. | Draft and fax letter to Luis Robles requesting dates and times for interview of Detective Eagle and McCarthy | .1 |
| Feb. 9, 2005 | | Deposition summary of Mark Alcon | .4 |
| Feb. 9, 2005 | | Continuation of deposition summary of Mark Alcon | .1 |
| Feb. 9, 2005 | | Deposition summary of Sigfredo Alcon | .4 |
| Feb. 10, 2005 | 7:03 p.m. | Begin collecting jury instructions for excessive force case; information on Def. expert witness; accident reconstructionists regarding claimed "acceleration marks" | .1 |
| Feb. 11, 2005 | 10:02 | Discussion with other attorneys regarding jury | 0 |

| Date | Time Activity Begun | Activity | Duration |
|---|---|---|---|
| | | instructions and accident reconstructionist – expert is recommended. – no billed per billing judgment .1 | |
| Feb. 12, 2005 | 11:47 a.m. | Communication with other attorney with facts similar- no billed per billing judgment .1 | 0 |
| Feb. 12, 2005 | 12:00 | Reviewed summary of Juarez injuries internal memo from Romero office | .2 |
| Feb. 12, 2005 | 4:05 p.m. | Communication to Romero Office requesting radiology films for both Juarez and Deyapp for exhibits. | .1 |
| Feb. 12, 2005 | 4:26 p.m. | McCarthy report is provided to P's expert | .1 |
| Feb. 13, 2005 | 12:30 p.m. | Discussion with another attorney regarding voi dire - .1 no billed per billing judgment | 0 |
| Feb. 14, 2005 | 10:00 pm | Deposition summary of Griselle Avila dictated | .2 |
| Feb. 15, 2005 | 5:55 a.m. | Communication from Robles offering date for Eagle interview telephonically | .1 |
| Feb. 15, 2005 | 12:25 p.m. | Communication to Robles regarding compelling attendance of Foote at trial. | .1 |
| Feb. 15, 2005 | 12:59 p.m. | Letter to accident reconstructionist enclosing information for review | .1 |
| Feb. 15, 2005 | 2:19 p.m. | Communication to Romero Office regarding first round of witnesses that need to be subpoenaed to trial | .1 |
| Feb. 15, 2005 | 3:33 p.m. | Communication with accident reconstructionist on characteristics of "acceleration marks" | .5 |
| Feb. 15, 2005 | 4:26 p.m. | Communication from Romero Office with first proposed motion in limine regarding gang membership | .2 |
| Feb. 15, 2005 | 7:47 p.m. | Communication with Romero regarding characteristics of "acceleration mark" | .1 |
| Feb. 15, 2005 | 8:48 p.m. | Communication with Romero Office requesting more detailed defense medical expert reports in preparation for trial. | .1 |
| Feb. 15, 2005 | 9:10 p.m. | Research expert opinions issue when no expert identified in disclosures | .5 |
| Feb. 15, 2005 | 9:40 p.m. | Draft of exhibit list first round provided to Romero Office for review | .9 |
| Feb. 15, 2005 | 10:39 pm | Continuation of dictation of summary of Griselle Avila | .2 |
| Feb. 16, 2005 | 6:10 a.m. | Flight to California to take deposition of Ron McCarthy.  Preparation for deposition on flight. | 3.6 |
| Feb. 16, 2005 | 10:18 a.m. to 2:08 p.m. | Deposition of Ron McCarthy. | 3.8 |

| Date | Time Activity Begun | Activity | Duration |
|---|---|---|---|
| Feb. 16, 2005 | 6:30 p.m. to 10:50 p.m. | Return flight from California to Albuquerque from deposition | 4.3 |
| Feb. 17, 2005 | 9:23 a.m. | Communication from Robles offering telephonic dates for interview of Eagle | .1 |
| Feb. 17, 2005 | 2:00 p.m. | Communication with Romero Office regarding obtaining the radiology films for both Juarez and Deyapp | .1 |
| Feb.17, 2005 | | Telephone conference with accident reconstruction firm | .2 |
| Feb. 17, 2005 | 5:36 p.m. | Calls to Court Report for McCarthy deposition requesting copies of the exhibits attached to deposition and receipt of exhibits. Printed exhibited and reviewed. | .5 |
| Feb. 17, 2005 | 8:30 pm | Continuation of dictation of deposition summary of Griselle Avila | .1 |
| Feb. 17, 2005 | 9:25 pm | Deposition summary of Dr. Daniel Clifford | .5 |
| Feb. 17, 2005 | 10:19 p.m. | Summary of Katherine Clark and Shanna Evans is typed and forwarded to Romero | .3 |
| Feb. 17, 2005 | 11:23 pm | Dictated summary of Ellen Gattis interview | .1 |
| Feb. 18, 2005 | 6:00 a.m. | Communication with Romero regarding trip to Farmington to visit with clients and regarding responses to motions in limine | .2 |
| Feb. 18, 2005 | 3:17 p.m | Communication to Romero Office of additional witness that should be subpoenaed for attendance at trial. | .1 |
| Feb. 18, 2005 | 3:20 to5:33 p.m. | Finalize the witness list, forward to Romero Office for E filing | 2.2 |
| Feb. 19, 2005 | | Plaintiff submits witness list – no billed per billing judgment. .1 | 0 |
| Feb. 20, 2005 | 11:10 a.m. | Communication from Romero office regarding the caliber of weapon fired by Tracy | .2 |
| Feb. 20, 2005 | 2:12 p.m. | Communication with Romero regarding meeting to discuss witnesses for direct and cross and to discuss subpoenas | .1 |
| Feb. 20, 2005 | 10:11 p.m. | Communication to Romero Office regarding med records and bills. | .1 |
| Feb. 21, 2005 | 10:00 a.m. | Meeting with Romero to discuss witness testimony, exhibits, legal issues in case and witnesses | 2.5 |
| Feb. 21, 2005 | 2:00 p.m. | Communication with Romero Office regarding Def Motion in Limine 1 | .2 |
| Feb. 21, 2005 | 5:59 p.m. | Communication from Romero Office regarding amended witness list and filing of amended witness list | .1 |

| Date | Time Activity Begun | Activity | Duration |
|---|---|---|---|
| Feb. 21, 2005 | 11:07 p.m. | Communication to Robles requesting additional time to respond to Motions in Limine | .1 |
| Feb. 21, 2005 | 11:09 p.m. | Communication to Romero Office regarding ballistics | .1 |
| Feb. 21, 2005 | 11:11 p.m. | Communication to Robles requesting interview with Eagle on Wednesday of this week and for a date and time to discuss exhibits | .1 |
| Feb. 22, 2005 | 12:00 a.m. to 3:15 a.m. | Review Ronald Foote deposition and highlighted for Court for purposes of objecting and stipulating to portions that are to be read. Also, same done for Jarod and Jason Perea; Drafted pleading specifying objections and stipulations to depositions emailed to Romero office for e filing | 3.2 |
| Feb. 22, 2005 | 7:28 a.m. | Communication from Romero Office regarding issue of whether full metal jacket was used in shooting | .1 |
| Feb. 22, 2005 | 8:08 a.m. | Communication from Robles indicating that interview date of 23rd is for telephonic interview. | .1 |
| Feb. 22, 2005 | 8:08 a.m. | Communication from Robles indicating that Defendants will object to an extension of time to respond to Motions in Limine | .1 |
| Feb. 22, 2005 | | Meeting with P.I.; overview of case; list of witnesses to be located and arrange for availability at trial; list of witnesses to be interviewed that have not yet been interviewed. | 1.0 |
| Feb. 22, 2005 | 11:56 p.m. | Working on Plaintiff's Exhibit List | 1 |
| Feb. 22, 2005 | 12:31 p.m. | Communication to Robles indicating a preference of interviewing Eagle in person | .1 |
| Feb. 22, 2005 | 4:10 p.m. | Communication from Romero Office indicating status of contacting physicians and notifying them of pending trial date. | .1 |
| Feb. 22, 2005 | 10:57 p.m. | Communication to Romero Office regarding responses to Motions in Limine | .1 |
| Feb. 23, 2005 | 4:14 p.m. | Review memo from P.I. regarding meeting – no billed per billing judgment .1 | 0 |
| Feb. 23, 2005 | 3:38 p.m. | Communication with another attorney regarding legal issues if sop admissibility, less intrusive means. No billed per billing judgment | 0 |
| Feb. 23, 2005 | 4:13 p.m. | Communication with Caren Freidman re: assistance with jury instructions and memo to argue motions in limine; provided PTO; Draft Jury instructions; Court Memo on Summary Judgment | .5 |

| Date | Time Activity Begun | Activity | Duration |
|---|---|---|---|
| | | Motions; copying of other briefs in other similar cases | |
| Feb. 23, 2005 | 5:01 – 5:16 | Research to locate witnesses with internet data base | .2 |
| Feb. 23, 2005 | 8:56 pm | Dictated summary of the deposition of Nora Joe | .5 |
| Feb. 23, 2005 | 10:00 – 10:52 p.m. | Highlighted Deposition of Sigfredo Alcon's deposition to indicate objections and stipulations | .5 |
| Feb. 23, 2005 | 11:50 pm | Dictation of Junior Juarez deposition summary | .7 |
| Feb. 23, 2005 | 12:26 p.m. | Drafted letter for hand delivery of depositions and objections/stipulations | .1 |
| Feb. 25, 2005 | 10:33 p.m. to 10:36 p.m. | Research internet database to locate Doctors Liss and Albrecht. | .1 |
| Feb. 25, 2005 | | Meeting with Dr. Liss to learn about treatment, condition and injuries. Dictation of memorandum regarding conversation. | 2.0 |
| Feb. 28, 2005 | 4:28 p.m. | Communication from Caren Friedman re: assisting with drafting jury instructions | .1 |
| Feb. 23, 2005 | 4:41 p.m. | Communication with Caren Friedman re: assisting with drafting jury instructions and memo of points on motions in limine advising time motions arrive. | .1 |
| Feb. 23, 2005 | 10:13 p.m. | Communication with P.I. regarding travel to Farmington to locate witnesses. | .1 |
| Feb. 23, 2005 | 10:16 p.m. | Communication to attorney supplying briefing in other similar cases. No billed per billing judgment - .1 | 0 |
| Feb. 24, 2005 | 8:00 a.m. to 9:52 a.m. | Highlight portions of Mark Alcon deposition to reflect what is objected to and what is stipulated to. | .5 |
| Feb. 24, 2005 | 10:00 a.m. to 10:02 a.m. | Draft Letter to Judge Parker for hand delivery of Mark Alcon and Sigfredo Alcon's deposition for trial. | .1 |
| Feb. 24, 2005 | 10:20 to 10:30 a.m. | Identify for paralegal those documents that need to be copied and provided to P.I. | .1 |
| Feb. 24, 2005 | 10:39 a.m. | Communication from Caren Friedman re: similar jury instructions from other excessive force cases. | .1 |
| Feb. 24, 2005 | 11:12 a.m. | Communication from Romero Office regarding efforts to contact two witnesses | .1 |
| Feb. 24, 2005 | 11:15 a.m. | Communication with Caren Friedman re: delivery of other briefs dealing with motion in limine issues | .1 |
| Feb. 24, 2005 | 11:30 a.m. | Communication from Caren Friedman regarding information being delivered and receipt of Memorandum Opinion from Parker | .1 |
| Feb. 24, 2005 | 11:51 a.m.; 12:57 p.m. | Westlaw research of case law: Peraza v. Delameter; Graham v. O'Connor; | 1.1 |

| Date | Time Activity Begun | Activity | Duration |
|---|---|---|---|
| Feb. 24, 2005 | 3:00 p.m. – 5:00 | Appearance at the call of the calendar for all cases that are going to trial. | 2.0 |
| Feb. 24, 2005 | 5:20 p.m. | Read communication from Caren Friedman assisting counsel sent at 4:29 pm regarding deadline for draft jury instructions; and meeting on following day to discuss issues | .1 |
| Feb. 24, 2005 | 6:48 p.m. | Communication from Caren Friedman with draft jury instructions | .1 |
| Feb. 24, 2005 | 10:39 p.m. | Communication from Caren Friedman with finalized draft of proposed instructions | .1 |
| Feb. 25, 2005 | 5:28 a.m. | Communication from Robles requesting date and time to review exhibits and status of Plaintiff's subpoenas | .1 |
| Feb. 25, 2005 | 5:50 a.m. | Communication to Romero Office requesting copies of subpoenas be sent to Robles. | .1 |
| Feb. 25, 2005 | 5:52 a.m. | Communication to assisting counsel regarding receipt of finalized instructions. | .1 |
| Feb. 25, 2005 | 5:59 a.m. | Forward copy of final draft of proposed J.I. to Romero Office | .1 |
| Feb. 25, 2005 | 6:03 a.m. | Communication to Romero Office outlining substance of hearing before Judge Parker | .1 |
| Feb. 25, 2005 | 6:04 a.m. | Communication to Robles regarding review of P's J.I. and attempt to get in touch at 10:00 to discuss | .1 |
| Feb. 25, 2005 | 6:20 a.m. | Review Draft of Final J.I. | .5 |
| Feb. 25, 2005 | 10:52 a.m. | Communication to Robles regarding meeting at 2:00 to discuss J.I. | .1 |
| Feb. 25, 2005 | 2:29 p.m. | Communication from Caren Friedman providing citation discussing scope of information and evidence jury should and should not hear in shooting case - | .1 |
| Feb. 25, 2005 | 4:22 p.m. | Forward Plaintiffs first proposed jury instructions to Gretchen Elsner of Judge Parker's chambers. | .1 |
| Feb. 25, 2005 | 4:24 p.m. | Email to Gretchen Elsner regarding P's mistaken identification and objections to depositions of Jason and Jarod Perea | .1 |
| Feb. 25, 2005 |  | Request an additional medical authorization to begin requesting supplemental medical bills for Crystal Deyapp (Letter and Fax) | .1 |
| Feb. 25, 2005 |  | Plaintiffs first set of Proposed Jury Instructions Filed – no billed per billing judgment | 0 |
| Feb. 25, 2005 | 6:17 p.m. | Communication from Romero Office regarding efforts to contact witnesses for trial. | .1 |
| Feb. 26, 2005 | 8:13 a.m. | Communication from Expert regarding McCarthy | .1 |

| Date | Time Activity Begun | Activity | Duration |
|---|---|---|---|
| | | report and status of trial date. | |
| Feb. 26, 2005 | 6:10 pm | Continued dictation of deposition summary of Junior Juarez | .4 |
| Feb. 26, 2005 | 11:45 pm | Continued dictation of deposition summary of Junior Juarez | .1 |
| Feb. 26, 2005 | 10:58 pm | Dictation of the summary of interview of Junior Juarez with the police | .3 |
| Feb. 26, 2005 | 11:49 pm | Dictation of the deposition summary of Joshua Nebors | .2 |
| Feb. 27, 2005 | 11:47 a.m. | Communication from Romero regarding points to be made at trial | .1 |
| Feb. 27, 2005 | 12:27 pm | Dictation of summary of Joshua Nebors interview with the San Juan Sheriff's Department | .1 |
| Feb. 27, 2005 | 1:20 p.m. | Communication with Romero office regarding meeting with witness | .1 |
| Feb. 27, 2005 | 1:22 pm | Dictation summary of Randy Popplewell interview with San Juan County Sheriff's Department | .1 |
| Feb. 27, 2005 | 1:25 p.m. | Communication with Romero Office requesting subpoenas of three witnesses. | .1 |
| Feb. 27, 2005 | 4:54 pm | Continued dictation of the summary of Randy Popplewell interview with San Juan County Sheriff's Department | .1 |
| Feb. 27, 2005 | 5:08 pm | Dictation of the deposition summary of Randall Popplewell | .1 |
| Feb. 27, 2005 | 6:01 pm | Continued dictation of the summary of deposition of Randy Popplewell | .6 |
| Feb. 28, 2005 | 5:59 a.m. | Communication to Expert Reiter regarding McCarthy deposition; trial date; and pending motions and hearing before Judge Parker. | .1 |
| Feb. 28, 2005 | 6:14 a.m. | Communication with Romero Office regarding review of Popplewell witness deposition. | .1 |
| Feb. 28, 2005 | 6:15 a.m. | Communication with Romero Office regarding Nabors. | .0 |
| Feb. 28, 2005 | 6:50 a.m. | Communication from expert Reiter regarding flight plans. | .1 |
| Feb. 28, 2005 | 7:36 a.m. | Communication from Romero Office regarding Albrecht | .1 |
| Feb. 28, 2005 | 11:05 a.m. | Internal office memo regarding witness Clark. | .1 |
| Feb. 28, 2005 | 11:35 a.m. | Communication from Gretchen regarding Judge Parker's request of parties to review Garcia v. Gordon in anticipation of final PT conference. | .1 |
| Feb.28, 2005 | 11:39 a.m. | Communication with Caren Friedman regarding memo of arguments pertaining to motions in limine | .1 |

| Date | Time Activity Begun | Activity | Duration |
|---|---|---|---|
| Feb. 28, 2005 | 11:54 a.m. | Communication to Robles forwarding message from Judge Parker's law clerk - .1 | 0 |
| Feb. 28, 2005 | 11:58 a.m. | Communication with Caren Friedman regarding hearing before Judge Parker at 1:30 tomorrow | .1 |
| Feb. 28, 2005 | 2:21 p.m. | Communication to Expert that trial is to take place in Albuquerque | .1 |
| Feb. 28, 2005 | 11:30 p.m. | Communication from Caren Friedman regarding memos on motions in limine | .1 |
| March 1, 2005 | 7:54 a.m. | Communication from Caren Friedman regarding motions in limine | .1 |
| March 1, 2005 | 8:41 a.m. | Communication from Robles regarding Lehocky case | .1 |
| March 1, 2005 | 11:19 a.m. | Draft summary of Garcia v. Gordon for purposes of hearing in front of Judge Parker | .3 |
| March 1, 2005 | 2:00 p.m. – 4:25 p.m. | Pretrial Conference Before Honorable James Parker | 2.4 |
| March 1, 2005 | 5:26 p.m. | Communication from law clerk regarding last excessive force case tried before Judge Parker as a reference for jury instructions | .1 |
| March 2, 2005 | 11:00 a.m. to 12:00 p.m. | Meeting with Graphic artist regarding the fold out exhibit made of the full dimensions of the mini truck owned by Junior Juarez | 1.0 |
| March 2, 2005 | 2:32 p.m. | Communication from Romero office regarding initial review of jury panel | .1 |
| March 2, 2005 | 2:52 p.m. | Communication to Romero Office regarding proposed Voi Dire questions and topics | .1 |
| March 2, 2005 | 4:21 | Communication from Romero Office enclosing proposed Voi Dire questions | .1 |
| March 2, 2005 | 4:52 p.m. | Communication to Gretchen of Judge Parker's chambers enclosing proposed voi dire questions and topics; cc to Robles, and indicating Romero will e file. | .1 |
| March 3, 2005 | 9:58 a.m. | Communication from Romero Office enclosing instructions from Mora case. | .1 |
| March 3, 2005 | 1:00 to 1:55 p.m. | Finalize Plaintiff's Exhibit List | .9 |
| March 3, 2005 | 2:08 p.m. | Communication from P.I. regarding original photographs contained in the Farmington newspaper for exhibits. | .1 |
| March 3, 2005 | 10:43 p.m. | Communication to Robles proposing a meeting tomorrow regarding stipulations that were discussed. | .1 |
| March 3, 2005 | 10:45 p.m. | Draft stipulation and forward draft to Romero | .2 |

| Date | Time Activity Begun | Activity | Duration |
|---|---|---|---|
| | | office | |
| March 4, 2005 | 7:52 a.m. | Communication to Robles enclosing proposed stipulations with alternatives and agreement of parties. | .1 |
| March 4, 2005 | 8:18 a.m. | Response from Robles regarding proposed stipulations. | .1 |
| March 4, 2005 | 8:55 a.m. | Communication from Robles enclosing (uncontested) jury instructions. | .1 |
| March 4, 2005 | 9:13 a.m. | Communication from Robles regarding statement of case | .1 |
| March 4, 2005 | 4:17 p.m. | Communication from Robles regarding Eagle availability for telephone interview | .1 |
| March 4, 2005 | | Submission of Stipulation as to case – no billed | 0 |
| March 4, 2005 | | Submission of Joint Statement of Case – no billed | 0 |
| March 4, 2005 | 10:20 a.m. – 11:30 a.m. | Final Pre Trial Conference before Honorable Parker | 1.1 |
| March 4, 2005 | 3:29 p.m. | Draft damages boards as exhibits for trial. | .5 |
| March 5, 2005 | 9:24 a.m. | Communication from P.I. regarding photographs in Daily Times | .1 |
| March 5, 2005 | 12:06 p.m. | Communication to Gretchen requesting exhibit list that identifies stipulations. | .1 |
| March 5, 2005 | 12:59 p.m. – 4:38 p.m. | Scanning in of exhibits for trial to use in opening and closing statements. | 3.6 |
| March 5, 2005 | 3:45 p.m. | Communication from PI regarding information from witnesses | .1 |
| March 5, 2005 | 5:04 p.m. | Forward Tracy depo summary to Romero Office | .1 |
| March 5, 2005 | 6:40 p.m. | Forward Nabors, Popplewell, Juarez depo and interview summaries to Romero Office | .1 |
| March 6, 2005 | 8:18 a.m. | Communication with P.I. regarding witness interview | .1 |
| March 6, 2005 | 5:43 p.m. | Communication from Romero Office regarding dispatch tape referencing large juvenile fight. | .1 |
| March 6, 2005 | 7:05 p.m. | Communication from Robles enclosing Eagle's supplemental report | .1 |
| March 7, 2005 | 3:54 a.m. | Communication from Robles requesting final redlined version of Foote deposition. | .1 |
| March 7, 2005 | 7:57 a.m. | Preparation for voi dire. | 1.0 |
| March 7, 2005 | 9:30 a.m. – 5:00 P.M. | VOI DIRE AND JURY SELECTION | 7.5 |
| March 8, 2005 | 6:00 – 8:00 a.m. | Review and final modification to powerpoint for opening statement | 2.0 |
| March 8, 2005 | 9:00 a.m. – 4:15 p.m. | TRIAL | 7.2 |

| Date | Time Activity Begun | Activity | Duration |
|---|---|---|---|
| March 8, 2005 | 5:38 p.m. | Communication from Robles enclosing Tracy's second set of Jury Instructions. | .1 |
| March 8, 2005 | 8:00 p.m. to 11:00 p.m. | Preparation for trial. No billed per billing judgment - 3 | 0 |
| March 9, 2005 | 8:12 a.m. | Communication to Robles and Gretchen with Judge Parker's chambers enclosing Plaintiffs' Proposed Contested and Uncontested Jury Instructions. | .1 |
| March 9, 2005 | 9:33 a.m. to 4:40 p.m. | TRIAL | 6.0 |
| March 9, 2005 | 7:00 p.m. – 11:00 p.m. | Preparation for trial. No billed- billing judgment. 4.0 | 0 |
| March 10, 2005 | 5:30 a.m. to 8:00 a.m. | Preparation of closing argument using powerpoint. | 2.5 |
| March 10, 2005 | 9:51 a.m. – 11:49 | TRIAL | 2.0 |
| March 10, 2005 | 2:00 -2:15 p.m. | NOTE FROM JURY | .2 |
| March 10, 2005 | 3:15 p.m. – 3:34 p.m. | NOTE FROM JURY, VERDICT, POLLING OF JURY | .3 |
| March 10, 2005 | 3:34 -4:30 | RETRIEVAL OF EXHIBITS FROM COURTROOM | .9 |
| March 10, 2005 | 4:56 p.m. | Communication from Gretchen of Judge Parker's chambers regarding need for signatures on exhibits returned. | .1 |
| March 16, 2005 | 10:14 a.m. | Communication from Gretchen again requesting signatures for receipt of exhibits.- no billed per billing judgment .1 | 0 |
| March 16, 2005 | 12:49 p.m. | Communication with Gretchen informing her that I am not in office and will have signatures provided as soon as possible – no billed per billing judgment .1 | 0 |
| March 18, 2005 | 1:03 p.m. | Draft of proposed Judgment forwarded to Romero for approval | .1 |
| March 18, 2005 | 7:52 p.m. | Communication to Robles enclosing proposed Judgment. | .1 |
| March 23, 2005 | 5:33 a.m. | Communication from Romero with proposed changes to Judgment | .1 |
| March 24, 2005 | 5:50 a.m. | Request from Robles to resend Judgment | .1 |
| March 29, 2005 | 2:13 p.m. | Communication to Robles resending proposed Judgment | .1 |
| March 30, | 7:45 a.m. | Communication from Robles that he is still unable | .1 |

| Date | Time Activity Begun | Activity | Duration |
|---|---|---|---|
| 2005 | | to open proposed Judgment | |
| March 30, 2005 | 9:35 a.m. | Communication to Robles that judgment is being faxed | .1 |
| March 31, 2005 | 10:55 a.m. | Draft letter to Judge Parker enclosing agreed upon Judgment | .1 |
| April 8, 2005 | 11:05 a.m. | Communication to Romero and Robles enclosing second effort at proposed Judgment | .1 |
| April 11, 2005 | 4:00 p.m. | Communication from Robles indicating his proposed changes to Judgment reflecting dismissal of ½ of seizure claim. | .1 |
| April 11, 2005 | 10:05 a.m. | Communication from Gretchen of Parker's chambers regarding proposed Judgment and Judge Parker's letter of April 1, 2005 | .1 |
| April 14, 2005 | 5:34 p.m. | Sending of Third Proposed Judgment to Robles and Romero for review | .1 |
| April 14, 2005 | 6:15 p.m. | Communication to Gretchen of Parker's chambers informing her that we are third version and hope to have proposed judgment by Friday. | .1 |
| April 15, 2005 | 2:31 p.m. | Communication from Robles regarding his proposed changes to third proposed Judgment. | .1 |
| April 15, 2005 | 4:26 p.m. and 4:38 p.m. | Communication between Robles and Martinez agreeing to disagree and to tender two proposed Judgments that single out the difference of opinion as to whether ½ of seizure claim was dismissed. | .2 |
| April 18, 2005 | 11:20 a.m. | Draft letter enclosing proposed Judgments to Judge Parker | .1 |
| April 21, 2005 | 3:36 p.m. | Communication from Gretchen of Parkers chambers requesting counsel to focus on pages 4-6 of the Memorandum Opinion of Jan. 7, 2005 | .1 |
| April 22, 2005 | 9:26 a.m. | Communication from Robles to Gretchen and Martinez that he is withdrawing his proposed Judgment and will agree to Plaintiffs. | .1 |
| May 20, 2005 | 3:00 p.m. | Message with Judge Puglisi's Chambers to arrange Settlement Facilitation. | .1 |
| May 23, 2005 | 10:42 a.m. | Conversation with Judge Puglisi' Chambers to arrange settlement facilitation. | .1 |
| May 23, 2005 | 2:54 p.m. | Conversation with Luis Robles regarding Settlement Facilitation | .1 |
| May 23, 2005 | 5:09 p.m. | Conversation with Luis Robles regarding Settlement Facilitation with Judge Puglisi | .1 |
| May 24, 2005 | 3:49 p.m. | Attempting to discuss Paul Bardacke as a Settlement Facilitator | .1 |
| June 16, 2005 | 2:00 – 3:00 | Meeting with Brandon Cummings regarding fee | 1.0 |

| Date | Time Activity Begun | Activity | Duration |
|---|---|---|---|
| | p.m. | petition and affidavits. | |
| June 26, 2005 | 11:00 p.m. to 12:35 a.m. | Draft Motion for Attorney's fees and begin to draft affidavit in support of attorney's fees. | 1.5 |
| June 27, 2005 | 8:00 p.m. to 1:00 a.m. | Finalize Brief in support of Motion for Attorneys Fees. Finalize draft of Motion for attorneys fees. | 5.0 |
| TOTAL | | | 204.2 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**CRYSTAL DEYAPP,**

        Plaintiff,

    v.                                    NO. CIV 02-0452 JP/RLP

**FARMINGTON POLICE OFFICER TAFT TRACY,
and CITY OF FARMINGTON,**

        Defendants.

*Consolidated with,*

**JUNIOR JUAREZ,**

        Plaintiff,

v.                                   NO. CIV 02-0453 JP/RLP

**FARMINGTON POLICE OFFICER TAFT TRACY,
and CITY OF FARMINGTON,**

        Defendants.

### AFFIDAVIT OF KEVIN MARTINEZ

    I, Kevin Martinez, after having first been duly sworn do state:

1.    I am the attorney of record for Junior Juarez. I became involved in the case early part of 2004 and have assisted in representing Junior Juarez in pursuing his claims for violations of his Fourth Amendment right to be free from the unlawful use of deadly force as well as his state law claim for battery.

2.    I am a member of the New Mexico State Bar and was admitted to practice in 1990. Between 1990 - 1992, I served as law clerk to the late Honorable Juan G. Burciaga, then Chief Judge of the United States District Court for the District of New Mexico. Judge Burciaga kindly moved for my admission to practice before the Tenth Circuit in approximately 1992. I am likewise admitted to practice before this honorable court.

Page 1 of 5

EXHIBIT

2

3.    I have been a practicing attorney for 15 years. After serving as clerk for the Honorable Juan Burciaga, I had the privilege of practicing with Stephen Durkovich a known and respected medical malpractice attorney. During that time my practice focused on discovery, pleading practice and trial of medical negligence claims and other catastrophic injury cases.

4.    In approximately 1999, I returned to practice with my family in the Walter K. Martinez Law Office. The firm was conceived by my father in the 1950s and continued first with my brother after my father's untimely passing. Initially, my partners were my brother and sister. My sister has since taken the bench in the 13th Judicial District and my sole partner is my brother, W. Ken Martinez, whose office is located in Grants, New Mexico.

5.    I have practiced in Municipal, Magistrate, Metropolitan, State District and this Federal Court. My practice has taken me to Courts throughout this State. My clients are typically individuals who have been injured. During the course of my practice, I have tried either alone or as co counsel bench and jury trials dealing with medical negligence, violation of civil rights, criminal charges ranging from petty misdemeanors to attempted murder. I have briefed and/or argued constitutional law issue before the New Mexico State District Courts, the New Mexico State Court of Appeals, and the New Mexico Supreme Court as well as this United States Federal District Court. I have represented multiple individuals asserting violations of their Fourth Amendment rights to be free from unreasonable seizures. During the last two and a half years I have litigated and tried to the Court a claim against a correctional facility in Valencia County for the rape of one of its inmates, have litigated and resolved a civil rights claim in this Federal Court against another correctional facility in Torrance County for the brutal beating of one of its inmates in a case which lasted more than five years and was defended by one of the largest defense firms from Phoenix, Arizona and have tried, along with co counsel, the case which is the subject of this affidavit to a jury.

6.    I am currently board member of the New Mexico Trial Lawyers Association and have acted as co-chair for two years in presenting continuing education programs pertaining to professionalism and ethics. I am the current chair of the continuing legal education division of the New Mexico Trial Lawyers Association. During the early 1990's I wrote articles for the New Mexico Trial Lawyers monthly publication reporting Tenth Circuit Opinions that addressed a wide variety of issues including civil rights rulings by the Tenth Circuit Court.

7.    Because my partner primarily practices in Grants, I am the sole attorney in the office in Albuquerque. It is my practice to seek the assistance of attorneys in researching and writing briefs or preparing for argument. Additionally, it is my practice to employ the assistance of private investigators to assist in locating and interviewing witnesses and for the collection of evidence.

8.    In this case I contracted the assistance of Caren Friedman who is a board certified specialist in Appellate practice and who served as the law clerk to the late Honorable Santiago

Campos. Ms. Friedman's hourly rate in assisting me in this case was $75.00 per hour, a greatly reduced hourly rate compared to other attorneys of her caliber. Ms. Friedman specifically assisted me with preparing Jury Instructions and research and argument for the multiple motions in limine filed by both parties. I have attached Caren Friedman's billing records to the itemization of costs expended which is Exhibit 6.

9.   In addition, I contracted the assistance of Jerry Mazon who is a licensed private investigator. Jerry Mazon has assisted me in multiple cases in locating witnesses, gathering evidence, securing the appearance of witnesses for trial. Jerry Mazon's rates are consistent with the rates that I have paid other private investigators, and is to my knowledge a reduced price given the quality of work he provides. Jerry Mazon's timesheet is attached to Exhibit 6 as well.

10.   I sought the assistance of both Jerry Mazon and Caren Friedman in order to allow me to more adequately prepare for the trial of this case. This logistical problem presented by this case was that it occurred in Farmington, New Mexico and involved multiple witnesses. The sheer number of witnesses to events preceding the shooting, during the shooting, and after the shooting was unmanageable without assistance. Proof of the factual complexity of this case can be seen in the police report itself. The police report documents that nearly all law enforcement officers from the Farmington City Police and the San Juan Sheriff's department played some role either prior to the shooting, or after the shooting. The police report documents efforts to preserve, document , measure, photograph and videotape the evidence at the scene, to detain witnesses, interview witnesses and seize and examine Junior Juarez' vehicle for weeks afterward. In addition to the multiple law enforcement officers involved in the case, many of whom wrote supplemental reports to the lengthy police report, there were more than 20 lay witnesses to the shooting. Many of those witnesses could not be located. Many of those witnesses had not been interviewed by law enforcement. The statements by some witnesses did not match the statements given by other witnesses and did not match the physical evidence. Many of those witnesses had been interviewed by law enforcement and their statements tape recorded. Given the factually intensive nature of the investigation and the presence of numerous witnesses, discovery in this case was intense and cumbersome.

11.   In addition, as is true in most civil rights cases, the pleading practice likewise involved presentation of multiple theories for recovery and for defense. As is always true, the specter of qualified immunity calls for meticulous legal research to find supporting case law similar to the case at hand.

12.   As is true in all cases that are tried, the work to prepare a case for trial is a volatile art at best. Locating, securing and interviewing witnesses to fill in details is time consuming. Tracking down documentary and physical evidence and/or witnesses leads to many fruitless leads and expenses begin to mount. The fact that this case was going to be tried became very apparent to me shortly after I began my involvement. There were no offers made to Junior Juarez to

Page 3 of  5

compromise or settle the issues at dispute and even after the suggestion by the Honorable Judge Parker to seek assistance of the United States Magistrate no offers were forthcoming. It became clear that efforts to settle the case did not exist. Hence, time and expenses were incurred by undersigned counsel to prepare this case for trial.

13.   Attached to this affidavit is undersigned counsel's time sheet tendered in support of his claim for attorneys fees. Care has been taken to exercise billing judgment in reducing those items which may appear excessive, redundant, or merely administrative. Items which are not adequately and contemporaneously documented were not billed as attorney time. The time sheet reflects times expended which affiant respectfully submits was necessary and reasonable in preparing this case for trial.

14.   Exhibit 6 to the Motion and Brief for Attorneys fees and Costs is an itemization of costs expended by Plaintiff's counsel in prosecuting this case. Likewise, care was taken to exercise billing judgment by not billing for those items which are normally absorbed my office as overhead, or for those items which were not adequately documented. Again, Plaintiff respectfully submits that the expenses incurred in the successful prosecution of this case were reasonable and necessary in order to successfully obtain a verdict in favor of Plaintiff.

15.   I accepted this case well knowing that it was a high risk case given the large number of law enforcement officers involved in the investigation and knowledge of the pressures to be endured when litigation ensues over police conduct in a small town like Farmington, New Mexico. I understood that the case would present an uphill battle in unearthing the necessary evidence to prove my clients claim. Hence, this case proved to be a difficult one to prepare.

16.   My practice is primarily a practice based upon contingency fees. I have litigated on one occasion a claim that warranted a request for attorneys fees. In that case my opposing counsel stipulated a fee of $140.00 was reasonable for my level of skill and practice and a formal award was never required after trial. That case was litigated in approximately 1999. I have reviewed the case law and have seen awards of an hourly wage more recently for my contemporaries in the area of $175.00. I have sought the advice and opinion of Philip Davis, an attorney recognized by all Federal Judges in this District as well as in the Tenth Circuit as an expert in civil rights and fee petitions. Philip Davis opines in his affidavit that a reasonable wage for an attorney of my experience level is $175.00.

17.   As with any trial, this trial occupied my office for a full two and a half weeks in advance in preparation. Virtually all of my office staff and myself were working on preparing this case for trial. My time sheet does not reflect all of the time spent in preparing this case for trial. I have not charged for those times which were not adequately documented. Nor does my expense sheet reflect all expenses incurred. For those items that lacked documentation, no charge was made.

Page 4 of  5

_____
Kevin Martinez

STATE OF NEW MEXICO        )
                           )ss
COUNTY OF BERNALILLO       )

     SUBSCRIBED AND SWORN TO BEFORE ME BY Kevin Martinez this ____ day of June, 2005.

_____
Notary Public

My Commission Expires: _May 6, 2009_