IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KENNETH DEYAPP as Parent and**
**Next friend to CRYSTAL DEYAPP,**

      **Plaintiff,**

vs.                                       No. CIV 02-00452 JP/RLP

**TAFT TRACY,** *et al.***,**

      **Defendant.**

### AFFIDAVIT OF PHILIP B. DAVIS

**STATE OF NEW MEXICO**      )
                                 ) ss.
**COUNTY OF BERNALILLO**    )

    I, Philip B. Davis, being duly sworn and upon my oath state and depose as follows:

    1.    I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

    2.    I am an attorney licensed to practice law in the State of New Mexico since 1978 and before the United States District Court for the District of New Mexico, the Seventh and Tenth Circuit Courts of Appeals and the United States Supreme Court. I have an AV rating in the Martindale-Hubbell Law Directory. I have been listed since 1995 in The Best Lawyers in America for First Amendment (civil rights, police misconduct) and Employment Law (individuals). To the best of my knowledge, I have been included in Who's Who in American Law since 1996.

    3.    From September 1981 to date I have been in private practice in Albuquerque, New Mexico and have handled primarily federal litigation and plaintiffs' civil rights cases during that time. Approximately ninety percent of my caseload involves federal civil rights litigation,

including first amendment, wrongful discharge and retaliation cases, disabilities law cases, and police misconduct litigation. I have tried, settled or am currently working on approximately one hundred and fifty federal civil rights cases.

4. From 1988 to 2003, I served as an editor of the New Mexico Trial Lawyers' monthly publication, reviewing all decisions of the New Mexico federal district courts and summarizing those of particular interest to the trial bar in a monthly column, "In the U.S. District Court."

5. Since 1994, I have served as a faculty member for the National Institute for Trial Advocacy (NITA), both here in Albuquerque and at the National Programs in Boulder, Colorado.

6. I am one of two recipients of the 2005 New Mexico Law Review Excellence in Jurisprudence Award. Past honorees of the award have been the Honorable Seth Montgomery (2000), the Honorable Mary Walters and past UNM Law School Dean Robert J. Desiderio (2002), Michael Browde and Ted Occhialino (2003), and David Stout and Ed Ricco (2004).

7. I have lectured on civil rights litigation at numerous continuing legal education seminars in the past several years as well as to local and state law enforcement agencies in New Mexico.

8. I have handled numerous attorneys' fees litigations under 42 U.S.C. § 1988 and related fee statutes. I have been retained in approximately thirty-five cases solely to represent successful plaintiffs' counsel in obtaining a fee award. From early 1989 until its dismissal, I was fee counsel for plaintiffs in *Duran v. Johnson*, No. CIV 77-721-JC. See *Duran v. Carruthers*, 885 F.2d 1492 (10th Cir. 1989). I am also fee counsel as well as a member of the litigation team for the plaintiff class in *Jackson v. Ft. Stanton Hospital and Training School*, 757 F. Supp. 1243 (D.N.M. 1990), rev'd in part on other grounds, 964 F.2d 980 (10th Cir. 1992), and was fee

counsel as well as a member of plaintiffs' litigation team in *ACLU v. Johnson*, 4 F. Supp.2d 1024 and 1029 (D.N.M. 1999), aff'd, 194 F.3d 1149 (10th Cir. 2000). I routinely consult on attorneys' fees issues with other members of the civil rights bar and successful plaintiffs' civil rights attorneys in New Mexico and elsewhere in the United States.

9. I have lectured on attorneys' fees litigation numerous times over the years, at seminars sponsored by the New Mexico Trial Lawyers' Association, the State Bar Association, the Protection and Advocacy System, the Black Lawyers Association, DNA Legal Services and the American Civil Liberties Union of New Mexico, as well as including fees as a topic in presentations to the New Mexico Defense Lawyers Association.

10. I have been qualified and testified as an expert on attorneys fees in the state and federal courts of New Mexico. In 1995, I testified as to reasonable hourly rates for counsel for the child in a § 1983 claim in the Bernalillo County Children's Court (Hon. Michael Martinez). In 1998, I testified as to reasonable hourly rates for plaintiffs' counsel in a case brought under the New Mexico Mobile Home Protection Act in the Thirteenth Judicial District Court, Valencia County, New Mexico (Hon. John Pope) and also in the New Mexico federal district court (Hon. LeRoy Hansen) on behalf of numerous tribes who filed objections as to the reasonableness of a requested attorneys' fee in a common fund case brought against the United States on behalf of a class consisting of all the Native American tribes in the United States. In 2003, I testified in the Bernalillo County District Court (Hon. Susan Conway) as to the reasonableness of a plaintiff's attorneys' fees based on the contract of representation with the client and the ethical rules regarding fees imposed by the New Mexico Rules of Professional Conduct, NMRA 16-105.

11. In 2003, I was retained by mutual agreement of counsel for the parties to arbitrate an attorneys' fee dispute in a Voting Rights Act litigation.

12.     I have also filed numerous affidavits in both the state and federal courts on behalf of attorneys seeking fees under fee-shifting statutes.

13.     In addition to my having been qualified to testify as an expert on attorney fees, the district judges in the New Mexico federal district court have previously acknowledged my expertise in civil rights and attorneys' fee-related litigation.  See, *e.g.*, *Lewis v. New Mexico Dept. of Health, et al.*, No. CIV 99-0021 MV/JHG (Mem. Op. and Order, 1/5/05) (Doc. No. 230), at 19 (identifying Davis as "an expert on attorneys fees in this state and fee counsel in this case"); *Nieto v. Kapoor*, No. CIV 96-1225 MV/JHG (Mem. Op. and Order, 6/12/01), at 11 (in setting hourly rates for prevailing plaintiffs' counsel, court acknowledged reliance on affidavit of undersigned counsel, stating "Davis [is] an experienced civil rights attorney in this state, who also has significant experience in attorneys' fees litigation, ... ."); *Sierra v. Garley*, CIV 94-678 M Civil (Mem. Op. and Order, 10/28/96), at 9 (acknowledging Davis' "extensive experience in civil rights litigation" and stating "aware[ness] of his excellent reputation and skill in civil rights litigation"); see also *Torrez v. Julian*, No. CIV 01-720 BB/WWD (Mem. Op. and Order, 3/11/03), at 4-5.

14.     Based on my substantial involvement as fee counsel in a number of fee award litigations, and because of federal congressional recognition that civil rights litigation is comparable in complexity to other complex federal litigation such as securities and antitrust cases, I am familiar with contemporary market rates for lawyers in New Mexico involved in litigation of all sorts, including federal securities and antitrust work, complex commercial litigation and civil rights work.  I have gained this understanding by a review of various surveys published on the subject, numerous telephone calls to lawyers in firms ranging from sole practitioners to the largest law firms in the State, and my review of New Mexico federal district

4

court opinions on fees issues, which were made available to me in my capacity as United States District Court Opinions Editor for the New Mexico Trial Lawyers Association monthly magazine until December 2003 when after more than fifteen years I gave up that position, and of appellate decisions from this and other jurisdictions involving statutory fee awards.

15. Since 1983, I have served as a Co-Legal Director of the American Civil Liberties Union of New Mexico. In this capacity, I am frequently called on by attorneys statewide to consult regarding pending and potential civil rights litigation, including fee award litigation, and federal practice and procedure. As a Legal Director, I have direct knowledge of the extremely limited and increasingly smaller pool of attorneys statewide willing and able to represent plaintiffs in civil rights litigation with the necessary degree of skill and competence as well as the tenacity required to properly prosecute such complex federal litigation.

16. It has been my experience that civil rights plaintiffs can rarely, if ever, pay an attorney's hourly rate to pursue an action on his or her behalf, or even pay the substantial costs associated with such complex litigation.

17. My current hourly rate is $250. Since July 2003, I have billed and been paid by paying clients at my current hourly rate. I have also charged and been paid at that current hourly rate for consultations with other attorneys in civil rights and civil rights fee cases. Earlier this year, I was awarded this hourly rate by Chief Judge Martha Vazquez for my work as fee counsel in Lewis, supra at 19. In *Collopy v. City of Hobbs, No*. CIV 00-807 WP/LFG, while objecting to a fee award to the plaintiff on other grounds, defendants made no objection to my requested hourly rate of $250.00 for work as both merits counsel and fee counsel in a First Amendment retaliation case. The fee application in the *Collopy* case was withdrawn as a result of the settlement of that case, including attorneys' fees, pending appeal.

18. I believe that for a civil rights attorney such as Joe M. Romero, Jr. who has 19 years of trial experience and who has handled numerous civil rights cases, the hourly rate of $225 is in or below the range of rates which are fair and reasonable. I base my judgment in this regard on my personal knowledge of Mr. Romero's skill and experience as well as on the current prevailing hourly rates in the New Mexico legal community and of hourly rates set by the federal and state district courts in other fee award opinions.

19. I am aware that Joe M. Romero, Jr. is an active member of the New Mexico bar. A native of San Miguel County, in northern New Mexico, Mr. Romero earned a Bachelor of Arts degree from the University of Maryland at College Park in 1982. He earned his Juris Doctorate from the University of Notre Dame Law School in 1986. While attending college, Mr. Romero served as a Special Assistant to U.S. Senator Pete V. Domenici, in Washington, D.C.

20. Upon his return to New Mexico in 1986, Mr. Romero was admitted to the State Bar and was employed as an attorney and litigation director for Southern New Mexico Legal Services, Inc. in Las Cruces, New Mexico. Mr. Romero was a member of the Board of Directors for Southern New Mexico Legal Services, Inc., from 1993 to 1997.

21. Beginning in 1987 continuing until 1994, Mr. Romero was employed as an Assistant U.S. Attorney in the Criminal Division of the Albuquerque office of the U.S. Attorney for the District of New Mexico. Since starting his law practice in 1994, handled numerous civil rights cases, focusing on police officer and jail employee misconduct. He has also handled hundreds of criminal cases, including death penalty offenses. Mr. Romero also represents clients in personal injury cases, including wrongful death cases.

22. Mr. Romero has received substantial recognition for his achievements. Among the awards he has received are: U.S. Department of Justice, Special Achievement Award, in

recognition of sustained superior performance of duty 1988, 1991, and 1993; Pupil, New Mexico American Inn of Court LXXXI, 1989-1990; Executive Director, Notre Dame Legal Aid & Defender Association, School Year, 1985-1986. He was also a Delegation Member for the U.S. Department of Justice delegation to Third Bi-National Prosecutors Conference in Monterey, Nuevo Leon, Mexico, Nov. 4-7, 1991.

23. In addition, Mr. Romero serves as a Lt. Colonel in the Judge Advocate General Corp of the New Mexico Army National Guard. He is presently the Staff Judge Advocate for the 111th Air Defense Artillery Brigade, New Mexico Army National Guard. In his capacity as a JAG officer, Mr. Romero has received the following commendations and awards: Army Commendation Medal, August, 1998; Army Achievement Medal, December, 2000; Graduate, Judge Advocate Officer Basic Course, JAG Officer Advance Course, and Command & General Staff College.

24. Mr. Romero published "Government Practice, A View from the U.S. Attorney's Office," in the N.M. Bar Bulletin, Vol. 28, No. 34, August 24, 1989. He has been on the Criminal Justice Act Panel for the U.S. District Court, District of New Mexico since 2001. He served on the Second Judicial District Court Judicial Selection Commission from 1994 to 1995 and the Bernalillo County Metropolitan Court Judicial Selection Commission from 1995 to 1997. Although he was last evaluated in 1994, Mr. Romero is a BV rated attorney in the Martindale-Hubbell directory.

25. Joe M. Romero, Jr.'s reported cases include: *United States v. Strayer*, 846 F.2d 1262 (10th Cir.1988); *United States v. Santillanes*, 848 F.2d 1103 (10th Cir. 1988); *United States v. Jack*, 868 F.2d 1186 (10th Cir. 1989); *United States v. Carreon*, 872 F.2d 1436 (10th Cir. 1989); *United States v. Garcia*, 893 F.2d 250 (10th Cir.1989); *United States v. Lowden*, 900 F.2d

213 (10th Cir.1990); *United States v. Lowden*, 905 F.2d 1448 (10th Cir.1990); *United States v. Elliott*, 915 F.2d 1455 (10th Cir.1990); *United States v. Begay*, 937 F.2d 515 (10th Cir.1991); *United States v. Nez*, 945 F.2d 341 (10th Cir.1991); *United States v. Lara*, 956 F.2d 994 (10th Cir.1992); *United States v. Talamante*, 981 F.2d 1153 (10th Cir. 1992); *United States v. Guerro*, 983 F.2d 1001 (10th Cir.1993); *United States v. Joe*, 8 F.3d 1488 (10th Cir.1993); *State v. Baca*, 859 P.2d 487 (Ct.App.1993); *United States v. Tsosie*, 14 F.3d 1438 (10th Cir. 1994); *United States v. Leyva-Serrano*, 127 F.3d 1280 (10th Cir.1997); *Sandoval v. Chrysler Corp.*, 960 P.2d 834 (Ct.App. 1998); *Armijo v. Wagon Mound Pub. Sch.*, 159 F.3d 1253 (10th Cir.1998); *United States v. Macias-Treviso*, 42 F. Supp. 2d 1206 (D.NM.1999); *Montano v. Allstate Indem. Co.*, 87 F. Supp. 2d 1238 (D.NM 2000); and *State v. Mantelli*, 42 P.3d 272 (Ct.App. 2002).

26. Both Mr. Romero's years of experience and skill as a trial lawyer entitle him to at least the hourly rate he seeks here, as does his skill and experience in prosecuting civil rights cases, which this Court had the opportunity to observe first hand.

27. I am aware of rulings in the New Mexico federal and state district courts which have awarded hourly rates in the range of what Mr. Romero and I are requesting herein to lawyers of comparable skill and experience in the area of civil rights. See *e.g. Harrison v. Eddy Potash, Inc.*, CIV No. 94-691 JP/WWD (Mem. Op. and Order, 2/8/02) (awarding Albuquerque attorneys Floyd Wilson $275 per hour in Title VII case); *Baldonado v. New Mexico State Hwy, and Transp. Dept.*, No. CIV 99-366 JC/LCS (Order, 12/20/01) (awarding Santa Fe attorney Richard Rosenstock $265 per hour in civil rights employment case); *Lewis*, supra at 13 (awarding plaintiffs' merits counsel Maureen Sanders $250 per hour in civil rights class action declaratory judgment action; same rate awarded to undersigned counsel as fee counsel in that case); *Huerta v. City of Santa Fe*, Civ. No. 01-968 RLP/DJS (Mem. Op. and Order, 3/12/03)

(awarding Albuquerque attorney Eric Sirotkin $240 in police excessive force case); *Payton-Huebner v. City of Roswell*, No. CIV 01-1233 WJ/LCS (Mem. Op. and Order, 2/6/03) (awarding Albuquerque attorney Lorenzo Tapia $250 in civil rights employment case); *Nieto v. Kapoor*, supra (awarding Roswell attorney Tandy Hunt $250 per hour in civil rights employment case).

28.     Other cases in this federal district, when rates awarded therein are adjusted for inflation, yield substantially the same results as the hourly rate that plaintiff's counsel seek here. See *e.g.*, *Harris v. Crespin*, No. CV 99-748 RLP/DJS (Mem. Op. and Order, 2/23/01) (awarding then-Albuquerque attorney and now-New Mexico Court of Appeals Judge Michael Vigil $225 per hour in police misconduct civil rights case); *Cochran v. Banyan, Inc.*, Civ. No. 01-358 JP/RLP (Mem. Op. and Order, 3/7/02) (awarding Ms. Sanders $225 in Title VII case); *Maldonado v. Apfel*, Civil No. 95-221 JP/WWD (Amd. Mem. Op. and Order, 12/27/00) (awarding Gary Martone $$209 per hour for work performed in successful social security disability appeal); *Pastran v. K-Mart Corp.*, No. CIV 98-815 LCS (Order, 12/5/00) (awarding El Paso attorneys Michael Milligan and Colbert Coldwell $200 per hour in Las Cruces Title VII case); *Ling v. Brachfeld*, No. CIV 96-1772 MV/JHG (Mem. Op. and Order, 9/29/00) (awarding consumer rights attorney Richard Feferman $200 per hour in Fair Debt Collection Practices Act case); *Roth v. Bernalillo County Sheriff's Dept.*, Civil No. 97-1545 WWD/LFG (Mem. Op. and Order on Motion for Attorney's Fees and Costs, 5/24/99) (awarding Albuquerque attorneys Paul Kennedy and Mary Han $200 and $185 per hour respectively in Title VII retaliation suit); *Sussman v. Patterson*, No. CIV 93-1317 MV/DJS (Court's Findings of Fact and Conclusions of Law (10/5/95) (awarding $200 per hour to Santa Fe civil rights attorney Robert R. Rothstein), aff'd, 108 F.3d 1206 (10th Cir. 1997); *Mitchell v. Moya*, et al., No. CIV 95-0138 MV (Mem. Op. and Order, 1/29/98) (awarding $200 per hour to attorney William Dixon); *Terk v. Marrachini*, et

*al.*, No. 74-387 M Civil (Mem. Op. and Order, 4/27/98), at 2 (awarding $200 per hour to an "experienced civil rights attorney specializing in hunting and wildlife cases").

29.     Mr. Romero seeks compensation as well for a contract paralegal's time, Mr. Brandon Cummings. Mr. Cummings has more than six years of experience in assisting with the preparation and presentation of civil cases. He specializes in civil rights and defective design cases. He received a B.A. in Criminology from the University of New Mexico in 2003 and is a member of the paralegal division of the State Bar. His office is separate from that of Mr. Romero and he is responsible for all of the overhead and support costs associated with his work. The rate of $85 per hour that Mr. Romero seeks for his paralegal is at or below the range of rates charged in the New Mexico market for comparable paralegals and law clerks. See *e.g. Lewis,* supra at 13 (awarding $85 per hour for law clerks); *Hitson v. First Savings Bank*, No. CIV 01-0966 LCS/KBM-ACE (Mem. Op. and Order, 1/10/03), at 5 (awarding $75 per hour for paralegal); *Johnson v. State*, 2000 WL 303305, at *6 (D.R.I. Mar. 22, 2000) ($50 toward low end of hourly rates for paralegal).

30.     As a result of the efforts of his paralegal, Mr. Romero was able to limit the hours he was required to spend in the prosecution of this lawsuit, precisely the policy reason why the courts have routinely allowed as a part of the prevailing plaintiff's reasonable § 1988 expenses compensation for both law clerk and investigator time and costs.  See *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989).

31.     Although, based on my personal knowledge of billing practices in the New Mexico legal community, many expenses such as copying costs and telephone calls are not absorbed in law office overhead but rather are routinely passed on to paying clients, nor are they normally absorbed as part of law office overhead in the New Mexico legal community but are

routinely passed on to paying clients as well, I note that Mr. Romero has not requested payment for these costs ass a matter of "billing judgment."

32.    I further note that Mr. Romero has not charged for work that he did that might have been said to be redundant to work done by Kevin Martinez in this matter or which might not have been necessary to the litigation or which could have been performed by a non-attorney. This too is an example if Mr. Romero's judicious "billing judgment" in this matter.

**FURTHER AFFIANT SAITH NAUGHT.**

_____
Philip B. Davis

    SUBSCRIBED AND SWORN TO before me this 29th day of June, 2005, by Philip B. Davis.

_____
Notary Public

My Commission Expires:

_____