IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNETH DEYAPP as Parent and
Next friend to CRYSTAL DEYAPP,

    Plaintiff,

vs.              No. CIV 02-00452 JP/RLP

TAFT TRACY, *et al.*,

    Defendant.

### AFFIDAVIT OF PHILIP B. DAVIS

STATE OF NEW MEXICO  )
            ) ss.
COUNTY OF BERNALILLO  )

  I, Philip B. Davis, being duly sworn and upon my oath state and depose as follows:

  1.  I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

  2.  I incorporate herein the statements made in paragraphs 1-16 and 21-22 of my Affidavit filed in this matter as an Exhibit to Plaintiff Junior Juarez' Motion for Attorneys' Fees and Expenses. *See* Appendix (6/28/05) (Doc. 159).

  3.  My current hourly rate is $250. Since July 2003, I have billed and been paid by paying clients at my current hourly rate. I have also charged and been paid at that current hourly rate for consultations with other attorneys in civil rights and civil rights fee cases. Earlier this year, I was awarded this hourly rate by Chief Judge Martha Vazquez for my work as fee counsel in *Lewis v. New Mexico Dept. of Health, et al.*, No. CIV 99-0021 MV/JHG (Mem. Op. and Order, 1/5/05) (Doc. No. 230), at 19 (identifying Davis as "an expert on attorneys fees in this state and fee counsel in this case"). In *Collopy v. City of Hobbs, No.* CIV 00-807 WP/LFG,

while objecting to a fee award to the plaintiff on other grounds, defendants made no objection to my requested hourly rate of $250.00 for work as both merits counsel and fee counsel in a First Amendment retaliation case. The fee application in the *Collopy* case was withdrawn as a result of the settlement of that case, including attorneys' fees, pending appeal.

4. I believe that for a civil rights attorney such as Joe M. Romero, Jr. who has 19 years of trial experience and who has handled numerous civil rights cases, the hourly rate of $225 is in the range of rates which are fair and reasonable. I base my judgment in this regard on my personal knowledge of Mr. Romero's skill and experience as well as on the current prevailing hourly rates in the New Mexico legal community and of hourly rates set by the federal and state district courts in other fee award opinions.

5. I am aware that since leaving the public sector and starting his private law practice in 1994, Mr. Romero has handled numerous civil rights cases, focusing on police officer and jail employee misconduct. As a result of his time with the United States Attorney's Office, his trial experience is far in excess of most attorneys in this federal district. I am aware that Mr. Romero also represents clients in personal injury cases, including wrongful death cases.

6. Both Mr. Romero's years of experience and skill as a trial lawyer entitle him to at least the hourly rate he seeks here, as does his skill and experience in prosecuting civil rights cases, which this Court had the opportunity to observe first hand.

7. I am aware of rulings in the New Mexico federal and state district courts which have awarded hourly rates in the range of what Mr. Romero is requesting herein to lawyers of comparable skill and experience in the area of civil rights. *See, e.g., Lewis, supra* at 13 (awarding plaintiffs' merits counsel Maureen Sanders $250 per hour in civil rights class action declaratory judgment action; *Huerta v. City of Santa Fe*, Civ. No. 01-968 RLP/DJS (Mem. Op.

and Order, 3/12/03) (awarding Albuquerque attorney Eric Sirotkin $240 in police excessive force case); *Payton-Huebner v. City of Roswell*, No. CIV 01-1233 WJ/LCS (Mem. Op. and Order, 2/6/03) (awarding Albuquerque attorney Lorenzo Tapia $250 in civil rights employment case); *Nieto v. Kapoor*, supra (awarding Roswell attorney Tandy Hunt $250 per hour in civil rights employment case); *Cochran v. Banyan, Inc.*, Civ. No. 01-358 JP/RLP (Mem. Op. and Order, 3/7/02) (awarding Albuquerque attorneys Maureen Sanders and Linda Vanzi $225.00 and $150.00 respectively in Title VII sex discrimination/harassment case);.

8.  Other cases in this federal district, when rates awarded therein are adjusted for inflation, yield substantially the same results as the hourly rate that plaintiff's counsel seek here. See *e.g.*, *Harris v. Crespin*, No. CV 99-748 RLP/DJS (Mem. Op. and Order, 2/23/01) (awarding then-Albuquerque attorney and now-New Mexico Court of Appeals Judge Michael Vigil $225 per hour in police misconduct civil rights case); *Maldonado v. Apfel*, Civil No. 95-221 JP/WWD (Amd. Mem. Op. and Order, 12/27/00) (awarding Gary Martone $209 per hour for work performed in successful social security disability appeal); *Pastran v. K-Mart Corp.*, No. CIV 98-815 LCS (Order, 12/5/00) (awarding El Paso attorneys Michael Milligan and Colbert Coldwell $200 per hour in Las Cruces Title VII case); *Ling v. Brachfeld*, No. CIV 96-1772 MV/JHG (Mem. Op. and Order, 9/29/00) (awarding consumer rights attorney Richard Feferman $200 per hour in Fair Debt Collection Practices Act case); *Roth v. Bernalillo County Sheriff's Dept.*, Civil No. 97-1545 WWD/LFG (Mem. Op. and Order on Motion for Attorney's Fees and Costs, 5/24/99) (awarding Albuquerque attorneys Paul Kennedy and Mary Han $200 and $185 per hour respectively in Title VII retaliation suit); *Sussman v. Patterson*, No. CIV 93-1317 MV/DJS (Court's Findings of Fact and Conclusions of Law (10/5/95) (awarding $200 per hour to Santa Fe civil rights attorney Robert R. Rothstein), aff'd, 108 F.3d 1206 (10th Cir. 1997); *Mitchell v.*

*Moya*, et al., No. CIV 95-0138 MV (Mem. Op. and Order, 1/29/98) (awarding $200 per hour to attorney William Dixon); *Terk v. Marrachini, et al.*, No. 74-387 M Civil (Mem. Op. and Order, 4/27/98), at 2 (awarding $200 per hour to an "experienced civil rights attorney specializing in hunting and wildlife cases").

9. Mr. Romero seeks compensation as well for a contract paralegal's time, Mr. Brandon Cummings. It is my understanding that Mr. Cummings has more than six years of experience in assisting with the preparation and presentation of civil cases and civil rights cases in particular. The rate of $85 per hour that Mr. Romero seeks for his paralegal is at or below the range of rates currently charged in the New Mexico market for comparable paralegal work. *See, e.g., Lewis, supra* at 13 (awarding $85 per hour for law clerks); *Hitson v. First Savings Bank*, No. CIV 01-0966 LCS/KBM-ACE (Mem. Op. and Order, 1/10/03), at 5 (awarding $75 per hour for paralegal).

10. I am certain that as a result of the efforts of his paralegal, Mr. Romero was able to limit the hours he was required to spend in the prosecution of this lawsuit, precisely the policy reason why the courts have routinely allowed as a part of the prevailing plaintiff's reasonable § 1988 expenses compensation for both law clerk and investigator time and costs. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989).

11. I note that as a matter of "billing judgment," Mr. Romero has not requested payment for expenses such as copying costs and telephone calls despite that based on my personal knowledge of billing practices in the New Mexico legal community, such expenses are not absorbed in law office overhead but rather are routinely passed on to paying clients.

12. I am also aware that Mr. Romero has not charged for work in this matter which might be said to be duplicative of work done by Kevin Martinez or which might not have been

necessary to the litigation or which could have been performed by a non-attorney. This too is an example of Mr. Romero's judicious use of "billing judgment" in this matter.

**FURTHER AFFIANT SAITH NAUGHT.**

_____
Philip B. Davis

SUBSCRIBED AND SWORN TO before me this 29th day of June, 2005, by Philip B. Davis.

_____
Notary Public

My Commission Expires:

3-9-2008