IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CRYSTAL DEYAPP,**

                **Plaintiff,**

v.                            NO. CIV 02-0452 JP/RLP

**FARMINGTON POLICE
OFFICER TAFT TRACY,
and CITY OF FARMINGTON,**

                **Defendants.**

## MEMORANDUM BRIEF IN SUPPORT OF PLAINTIFFS' FOR ATTORNEY'S FEES AND EXPENSES FOR ATTORNEY JOE M. ROMERO, JR.,

    Plaintiffs, through attorney Joe M. Romero, Jr., hereby file their Brief in Support of their Motion for Attorney's Fees and Expenses for Attorney Joe M. Romero, Jr., and respectfully requests that this Court grant this motion for the reasons that follow.

## BACKGROUND

    Plaintiffs Junior Juarez and Crystal DeYapp presented their case against Defendants Officer Taft Tracy and the City of Farmington to a jury on March 7th through 10th, 2005. Plaintiffs claims were two fold. First Plaintiffs alleged that their civil rights were violated when Defendant Tracy fired upon them without lawful reason for so doing. Second, Plaintiffs alleged that Defendant Tracy's actions constituted a battery upon them. Plaintiffs requested punitive damages against Defendant Tracy. At trial, Plaintiffs were successful in recovering both compensatory and punitive damages for the violation of their civil rights. Plaintiffs were also successful in recovering damages for the tort of battery by Defendant.

In all Plaintiff Junior Juarez was awarded $433,000.00 and Plaintiff Crystal DeYapp was awarded $257,000.00. On April 27, 2005, this Court entered a Judgment reflecting the jury's verdict. See Doc. 52.

Defendants were represented by Luis Robles, an attorney with a great deal of experience in the defense of excessive force cases. Mr. Robles has tried multiple excessive force cases with a great deal of success. As this Court is aware, one of Defense Counsel's successful appellate arguments was contained in Tenth Circuit Opinion, which this Court relied upon in making evidentiary rulings. Needless to say, Defendants were vigorously and expertly represented from the time of the filing of the Complaint.

In addition, Defendants flatly refused to consider settling the claims brought by Junior Juarez and never responded to the settlement offer that they solicited for Crystal DeYapp—an offer that was substantially less than the award to Ms. DeYapp. Based upon Defendants' refusal to consider resolution apart from trial, this case required substantial effort and attention by undersigned counsel. Plaintiffs respectfully request that this Court award undersigned counsel his reasonable fees in the prosecution of this matter.[1]

**I. FEES AND EXPENSES REQUESTED**

Plaintiffs seek recompense for undersigned counsel fees in the amount of $120,790.29 (including New Mexico Gross Receipts tax[2]), $290.36 (including tax) for the work done by

---

[1] In an effort to avoid "second major litigation" in his fee request Plaintiff has endeavored to provide this Court only with the information necessary to allow it to resolve the instant claim for attorneys' fees and expenses. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Cf. Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1256-57 (10th Cir. 1998).

[2] For the award of gross receipts tax at the rate in effect at the time the award as part of fees please see Ramah Navajo Chapter v. Babbitt, 50 F. Supp.2d 1091, 1109 (D.N.M. 1999); O'Neal v. Ferguson Construction Co., 35 F. Supp.2d 832 (D.N.M. 1999).

undersigned counsel's contract paralegal, Brandon Cummings, and expenses and costs[3] as set forth below.

## II. PLAINTIFFS ARE PREVAILING PARTIES AND ARE ENTITLED TO FEES

The Court's discretion in awarding fees to a prevailing party,[4] such as plaintiffs herein, is narrow. See Robinson v. City of Edmond, 160 F.3d 1275, 1280 (10th Cir.1998). Tenth Circuit precedent establishes that "when a plaintiff prevails in a civil rights suit, the plaintiff ordinarily should not have his vindication of these rights eviscerated by an obligation to pay his attorney's reasonable fees." Id.; see also Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) ("a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.") (citation omitted); Homans v. City of Albuquerque, 264 F.Supp.2d 972, 976 (D.N.M.,2003); 42 U.S.C. § 1988(b). Accordingly, pursuant to 42 U.S.C. § 1988 and the Judgment of this Court, Plaintiffs are entitled to an award of reasonable attorneys' fees and expenses that were reasonably and necessarily incurred by his counsel in the successful prosecution of this case.

## III. ATTORNEYS' FEE AWARD FACTORS

After the Court determines that a plaintiff was the prevailing party, the court must determine the reasonableness of the plaintiff's fee request. In order to make this determination, the court first must calculate the lodestar amount of a fee. See, Case, 157 F.3d at 1249. The lodestar amount is determined by multiplying the number of attorney hours reasonably expended

---

[3] Plaintiff raises here and in his Bill of Costs alternative bases for the recovery of certain expenses sought herein which are also allowable as statutory costs under 28 U.S.C. § 1920. Plaintiff expressly states that he does not seek a double recovery of any such overlapping costs and expenses.  For a brief discussion regarding the costs allowable under § 1920 and expenses recoverable by a prevailing party under § 1988, see Jane L. v. Bangerter, 61 F.3d 1505, 1517 (10th Cir. 1995). See also Brown v. Gray, 227 F.3d 1278, 1297-98 (10th Cir. 2000).

[4] The Judgment entered on April 27, 2005 rendered Plaintiffs the "prevailing parties" for purposes of an award of attorneys' fees and expenses. See Judgment, Doc. 152.

by a reasonable hourly rate. See Id. A plaintiff "is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." Robinson, 160 F.3d at 1281. Accordingly, "'[o]nce an applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee as contemplated by Section 1988.'" Id. The court is not charged with the task of identifying and justifying "every hour allowed and disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" Ellis v. University of Kansas Med. Center, 163 F.3d 1186, 1202 (10th Cir.1999) (citations omitted); Homans v. City of Albuquerque, 264 F. Supp.2d 972, *976 -977 (D.N.M.,2003).[5]

## IV. HOURS REASONABLY AND NECESSARILY SPENT

Plaintiffs also bear the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks. See Case v. Unified School Dist. No. 233, 157 F.3d 1243, 1250 (10th Cir. 1988).

Furthermore the plaintiff's attorneys must show that they have exercised "billing judgment," which means making a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Ellis, 163 F.3d at 1202 (citations omitted). Homans v. City of Albuquerque, 264 F. Supp.2d 972, 977 (D.N.M.,2003). In this case, undersigned counsel has attached an affidavit and his time sheet to provide the Court with his time records to document the efforts taken to prosecute this case. See attached, Exhibit 1:

---

[5] See also, Gudenkauf v. Stauffer Communications, Inc., 158 F.3d 1074, 1082 (10th Cir. 1998); Ramos v. Lamm, 713 F.2d 546 (10th Cir. 1983), *abrogated on other grounds by* Pennsylvania v. Delaware Valley Citizens' Council for Clean Air (Delaware Valley II, 483 U.S. 711 (1987); Hensley v. Eckerhart, 461 U.S. 424 (1983); Blum v. Stenson, 465 U.S. 886 (1984); " New Mexico Citizens for Clean Air and Water v. Espanola Mercantile Co., No. CIV 92-1413 JC/RWM, Mem. Op. (10/20/94), at 3, *rev'd on other grounds*, 72 F.3d 830 (10th Cir. 1996). See Nieto v. Kapoor, CIV No. 96-1225 MV/JHG (Mem. Op. and Order, 8/27/02) (Doc. 460), at 3.

Timesheet and Cost Sheet for Joe Mr. Romero, Jr. and Brandon Cummings, paralegal. Additionally, as can be seen from the time sheets attached that undersigned counsel has exercised judicious billing judgment and has not billed for expenses that may be deemed excessive, duplicative or which were not meticulously recorded. Undersigned Plaintiffs' counsel respectfully request that this court find that counsel's billing records and corresponding affidavit satisfy the Court that the hours counsel reflected were in fact reasonable and necessary to perform the tasks described.

In reviewing the time records and costs expended in this case, Plaintiff's counsel respectfully requests that this Court consider that no offers to settle were made to Plaintiffs. See City of Riverside v. Rivera, 477 U.S. 561, 580-81 n.11 (1986) (defendants "could have avoided liability for the bulk of the attorney's fees for which they now find themselves liable by making a reasonable settlement offer in a timely manner.") "The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." Copeland v. Marshall, 641 F.2d 880, 904 (D.C. Cir. 1980) (en banc), *quoted with approval*, City of Riverside,477 U.S. at 580-81 n.11. See also Lipsett v. Blanco, 975 F.2d 934, 941 (1st Cir. 1992).

Additionally, undersigned counsel would request that this Court consider the importance of trying before a jury the issue of whether Plaintiffs' Constitutional rights were violated when he was shot in the head by Defendant Taft Tracy. The verdict rendered by the jury has sparked a healthy debate as to the propriety of using deadly force, particularly under the circumstances presented to the jury at trial. See Exhibits 2, 3 and 4 to Attorney Kevin Martinez's Application for Attorneys' fees.

**V. MARKET RATES AND PREVIOUS FEE AWARDS**

Once the reasonable number of hours has been calculated, the court must decide upon a reasonable hourly rate. A reasonable hourly rate "is the prevailing market rate in the relevant community." Ellis, 163 F.3d at 1203 (citations omitted). The prevailing market rate is "the price that is customarily paid in the community for services like those involved in the case at hand." Id. (citations omitted); see also Ramos, 713 F.2d at 555 ("the court should establish ... a billing rate for each lawyer based upon the norm for comparable private firm lawyers in the area in which the court sits.") Accordingly, Plaintiffs also carry the burden of proving that the "'requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Ellis, 163 F.3d at 1203 (citations omitted). Plaintiffs can meet this burden by presenting "sworn affidavits that the market command[s] an Attorney's hourly rates at a certain level." Id. at 1204. The district court is constrained to award rates compatible with such evidence of the market. See Id.; Homans v. City of Albuquerque, 264 F.Supp.2d 972, *977 (D.N.M.,2003).

The trial court "can best assess the experience and skill of attorneys..." Mary Beth v. City of Chicago, 723 F.2d 1263, 1281 (7th Cir. 1983). In this case, undersigned counsel seeks an hourly rate of $225.00 per hour. Undersigned counsel is willing to accept this Court's judgment as to a reasonable hourly rate. In support of undersigned counsels requested rate, Plaintiff's counsel files his affidavit as well as the affidavit of Philip Davis, an attorney who has demonstrated expert knowledge as to the local market rates normally charged for federal litigation such as the one at hand. See attached, Exhibit 2: Affidavit of Joe M. Romero, Jr. and Exhibit 3: Affidavit of Phil Davis.

Congress' findings and policy behind enactment of § 1988 expressed its understanding that federal civil rights litigation was similarly complex to antitrust and securities litigation and entitled to compensation accordingly. "As originally envisioned by Congress, civil rights attorneys were to be paid on a par with commercial lawyers." Robinson v. Alabama State Dept. of Ed., 727 F. Supp. 1422, 1427 n.14 (M.D. Ala. 1989).

> The Senate Report, S.Rep. No. 94-1011, 94th Cong., 2nd Sess., reprinted in [1976] U.S. Code Cong. and Admin. News 5908, indicates that Congress intended that courts award, generally, the highest rate charged in the area for complex antitrust and commercial litigation: "It is intended that the amount of fees awarded under S.2278 [42 U.S.C. § 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases... ." S.Rep. at 6, [1976] U.S. Code Cong. and Admin. News at 5913.

Martino v. Carey, 568 F. Supp. 848, 850 (D. Or. 1983) (emphasis supplied by district court).

## VI. DEGREE OF SUCCESS

Plaintiffs prevailed at trial. They obtained both compensatory and punitive damages based on the jury's finding that Defendant Taft Tracy violated their Fourth Amendment rights to be free from excessive force and his state law claim for battery. The relief achieved for Plaintiffs was substantial. The amount of damages awarded to him in compensation for the violation of his federal constitutional rights was not nominal or insubstantial. See *e.g.*, Stefan v. Laurenitis, 889 F.2d 363, 369 (1st Cir. 1989) ($16,000 settlement not *de minimis* and may deter future wrongful conduct); Davis v. Locke, 936 F.2d 1208 (11th Cir. 1991) (citing deterrent value of $3,500 award in prisoner's civil rights case as basis for fully compensatory attorneys' fee award).

As for claims on which were not presented to the jury, Plaintiffs voluntarily withdrew their claims for supervisory and municipal liability and for false arrest and false imprisonment. As for those claims that Plaintiffs did proceed with, they won on all counts.

Undersigned counsel has charged for some efforts related to the Plaintiffs' dismissed municipal liability claim because those inquiries were inextricably linked to the claims upon which Plaintiffs succeeded. "Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." Hensley v. Eckerhart, 461 U.S. at 435. In such cases, if the successful and unsuccessful claims arise from a common core of facts, and the Court finds that work done on an unsuccessful claim was necessarily undertaken in furtherance of a successful claim or is inextricably liked with it and cannot be segregated out, compensation should be awarded for such time. Id. See also Robinson v. City of Edmond, 160 F.3d 1275, 1283-84 (10th Cir. 1998), citing Hensley, supra; Jane L., 61 F.3d at 1512, and quoting from Tidwell v. Fort Howard Corp., 989 F.2d 406, 412-13 (10th Cir. 1993) ("the facts supporting the plaintiff's unsuccessful claims were part of 'one bundle of proof' with the successful one, and thus the plaintiff's attorney was 'entitled to be fully compensated.'")

The case law is also clear that if a plaintiff prevails on a claim on the basis of one of several alternative legal theories, he is entitled to fees for all his work and the Court is not supposed to try to apportion fees on the basis of work done on one legal theory versus another. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." Hensley, 461 U.S. at 435 (emphasis supplied). See also Jane L., 61 F.3d at 1511-1512; Sinajini v. Board of Educ. of San Juan School Dist., 233 F.3d 1236, 1241-1242 (10th Cir. 2000), quoting Hensley, 461 U.S. at 440 ("less restrictive standard" of whether losing claims were "'distinct in all respects from [plaintiff's] successful claims'" to be utilized "in

determining whether certain claims are unrelated to the pursuit of the ultimate result achieved"). "Nor is it necessarily significant that a prevailing plaintiff did not receive all of the relief requested.

expended if the relief obtained justified that expenditure of attorney time." Hensley, 461 U.S. at 435 n. 11.

"The result is what matters." Hensley, supra. Here, "the result" is that the Plaintiffs succeeded in having their constitutional rights vindicated, which was the primary relief they sought in the lawsuit. Plaintiff is entitled to a fully compensatory attorneys' fee based on the reasonable and necessary time spent prosecuting his claim to a successful result.

## VII. ATTORNEYS' OUT-OF-POCKET EXPENSES

An attorney's fee award also should include reasonable expenses incurred in representing a client so long as "such expenses are usually billed in addition to the attorney's hourly rate." Case, 157 F.3d at 1257. In order to recover such expenses, the plaintiff's attorneys must establish "the amount of compensable expenses to which they are entitled." Id. at 1257-58; Homans v. City of Albuquerque, 264 F.Supp.2d 972, *977 (D.N.M.,2003). Ramos v. Lamm, 713 F.2d at 559-60 (photocopying, postage, telephone, etc.). "The Act [42 U.S.C. §1988] essentially shifts the costs of litigation from the victim to the violator." Spell v. McDaniel, 616 F. Supp. 1069, 1113 (E.D.N.C. 1985), *aff'd in part, vacated in part on other grounds*, 824 F.2d 1380 (4th Cir. 1987), *cert. den. sub nom*. City of Fayetteville v. Spell, 484 U.S. 1027 (1988). Such expenses are routinely found by the New Mexico federal district courts to be compensable in civil rights cases, in line with applicable precedent from the Tenth Circuit. See *e.g.*, Harrison v. Eddy Potash, Inc., Civ. No. 94-691 JP/WWD (Mem. Op. and Order, 2/8/02), at 10-11 citing, *inter alia*, Sussman v. Patterson, 108 F.3d 1206, 1213 (10th Cir. 1997); Nieto v. Kapoor, No. CIV 96-1225 MV/JHG

(Mem. Op. and Order, 6/12/01), at 7-8, *quoting* Clay v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1257 (10th Cir. 1998) ("Reasonable expenses incurred in representing a client in a civil rights case should be included in the attorneys' fee award if such expenses are usually billed in addition to the attorney's hourly rate"). Undersigned counsel has incorporated a cost statement in into his timesheet. See Exhibit 1.

Additionally, it is well established that fees for work done by support personnel such as legal assistants and investigators, which work is billed at lower rates than attorneys' services, at a savings to the client, or in fee-shifting circumstances, to the opponent, is a compensable litigation expense under 42 U.S.C. § 1988. Nieto, supra (Mem. Op. and Order, 6/12/01) (Doc. 397) at 7-8 (litigation expenses include expense of paralegal and/or investigatory work). Included in undersigned counsel's costs statement is billed amounts for paralegal work performed by Brandon Cummings. Mr. Cummings is an experienced litigation paralegal who specializes in providing contract supprt for § 1983 and complex tort cases. His rate is attached and reflect an hourly rate which is less than the rate sought by undersigned counsel. As such, efforts expended by them resulted in a savings to Defendants in this case. As reasonable and necessary litigation expenses, they are compensable under § 1988.

The New Mexico federal district courts have routinely followed the teaching of *Sussman* and allowed all such expenses as a part of a §1988 fee award. See *e.g.*, Saiz v. City of Santa Rosa, No. CIV 01-1429 JP/LFG (Mem. Op. and Order, 4/28/03), at 6-7 citing *inter alia*, Ramos, supra; Juarez v. Elkhorn Operating, Inc., No. CIV 00-447 WJ/WWD (Mem. Op. and Order, 12/16/02), at 6-9 (travel expenses, copies, faxes, postage, courier, electronic legal research expenses, long distance phone); Nieto v. Kapoor, supra, at 7-8 (same, as well as expense of paralegal and/or investigatory work); Mitchell v. Moya, No. CIV 95-0138 MV (Mem. Op. &

Order, Jan. 29, 1998), at 10, 15 (same); Sierra v. Garley, CIV 94-678-M (Mem. Op. & Order, Feb. 5, 1997), at 5 (same, including deposition costs).

Undersigned counsel's affidavits and timesheet itemizing all such reasonable and necessary expenses provide the full basis for calculating plaintiff's total fee award, including expenses. Undersigned counsel notes that he has exercised "billing judgment" and not charged for any of his photocopying or other office related expenses. Undersigned counsel seeks payment of costs in the amount of $1,178.47. See <u>Exhibit 1</u>.

**<u>CONCLUSION</u>**

Plaintiffs' request that attorneys' fees and expenses, plus applicable New Mexico gross receipts tax at the rate in effect at the time of the Court's award of attorneys' fees and expenses, is reasonable and well supported and should be awarded in its entirety by the Court. Based on the foregoing, Plaintiff respectfully requests this Court award his reasonable attorneys' fees and expenses for his counsel's work in this case to date.

                                      Respectfully submitted,

                                      **(Electronically Filed)**

By:    _____

                                      Joe M. Romero, Jr.
                                      1905 Lomas Blvd NW
                                      Albuquerque, NM 87104
                                      (505) 843-9776
                                      (505) 224-9554

I hereby certify that the foregoing was
mailed to all counsel of record herein
on the 30th of June, 2005.

**(Electronically Filed)**
_____
Joe M. Romero, Jr.